Kenneth R. YOTT, Plaintiff-Appellant,

v.

NORTH AMERICAN ROCKWELL COR-PORATION, and International Union United Automobile, Aircraft and Agricultural Implement Workers of America Local Union 887, Defendants-Appellees.

No. 78–1790.

United States Court of Appeals, Ninth Circuit.

Aug. 21, 1979.

---

Stuart P. Herman, Richman & Herman, Beverly Hills, Cal., Dalford Todd, Dallas, Tex., for plaintiff-appellant.

David J. Shapiro, El Segundo, Cal., M. Jay Whitman, Detroit, Mich., Lutz Alexander Prager, Equal Employment Opp. Comm., Washington, D.C. (argued), Daniel D. Chazin, New York City, for defendants-appellees.

Before CHAMBERS and ELY, Circuit Judges, and COPPLE,* District Judge.

COPPLE, District Judge:

Yott, a former employee of North American Rockwell Corp. ("Rockwell") brought this action against Rockwell and the International Union United Automobile, Aircraft and Agricultural Implement Workers of America Local Union 887 ("Local 887"), claiming that he was discharged in violation of the religious discrimination provisions of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et seq.* The district court initially dismissed Yott's first amended complaint for failure to state a

---

* The Honorable WILLIAM P. COPPLE, United States District Judge for the District of Arizona, sitting by designation.

claim upon which relief could be granted. The Court of Appeals reversed and remanded the case for further proceedings on the possibility of a reasonable accommodation to Yott's religious belief that did not cause either Rockwell or Local 887 undue hardship. *See Yott v. North American Rockwell Corp.*, 501 F.2d 398 (9th Cir. 1974). Upon remand and after trial, the district court declared Section 701(j) of Title VII, 42 U.S.C. § 2000e(j), unconstitutional and ruled that the accommodations proposed by Yott were insufficient under Section 701(j). *See Yott v. North American Rockwell Corp.*, 428 F.Supp. 763 (C.D.Cal.1977).

The issues on appeal are whether the trial court was clearly erroneous as to the conclusion that Rockwell and Local 887 could not reasonably accommodate Yott's religious convictions without incurring undue hardship and if so, whether Section 701(j) is unconstitutional. We conclude that the trial court's decision that Yott's religious beliefs could not be reasonably accommodated is not clearly erroneous and thus we affirm the decision below without reaching the question of whether Section 701(j) is unconstitutional.

Yott began working for Rockwell in 1947. During his employment he held the position of Office Equipment Mechanic. In the early 1930's, Yott became a member of a church referred to as "The Church Which is Christ's Body." One of the tenets of Yott's religion is that Christians are not to become members of or pay dues to labor unions. Another tenet is that contribution to a charitable organization must be voluntary. It is undisputed that Yott has a sincere belief in these tenets.

Prior to 1968, none of the collective bargaining agreements between Rockwell and Local 887 required Yott to join Local 887. The agreement between Rockwell and Local 887 negotiated in 1962 did include a "union security clause," but the clause only required the then members of Local 887 to remain members to the extent of paying dues. The union security clause was expanded in the bargaining agreement negotiated in 1965 to require union dues or fees

from all new employees. Then, on October 6, 1968, Rockwell and Local 887 entered into a collective bargaining agreement which contained the following provision:

> An employee who is not a member of the Union at the time this Agreement becomes effective shall become a member of the Union within ten (10) days after the thirtieth (30th) day following the effective date of this Agreement or within ten (10) days after the thirtieth (30th) day following employment, whichever is later, and shall remain a member of the Union to the extent of tendering an initiation fee and the membership dues uniformly required as a condition of acquiring or retaining membership in the Union whenever employed under and for the duration of this Agreement.

Yott refused to join Local 887 or to pay union dues or their equivalent because of his religious beliefs. He so notified the defendants. Local 887 refused to waive any portion of the collective bargaining agreement and on January 14, 1969, Rockwell discharged Yott for his failure to become a member of or pay dues or the equivalent thereof to Local 887.

Yott filed a charge with the California Fair Employment Commission and with the Equal Employment Opportunity Commission ("EEOC"), alleging religious discrimination in his termination in violation of Title VII. He subsequently timely filed suit in district court. The district court dismissed Yott's complaint and the Court of Appeals in reversing and remanding the case for a determination of whether or not Rockwell and Local 887 could make a reasonable accommodation to Yott's religious beliefs, expressly noted:

> [T]his is not a "refusal to work" case in which a reasonable accommodation is easily provided. We are not certain that any accommodation is available. If appellees are able to demonstrate that any suggested accommodation would impose undue hardship on the Union or on the employer's business then Yott's discrimination claim should fail.

*Yott v. North American Rockwell Corp.*, *supra*, 501 F.2d at 403.

Prior to Yott's termination, Rockwell and Local 887 proposed that Yott contribute an amount equivalent to union dues to a charity of his choice, including his own church. Yott rejected that proposal on the ground that it was against his religion to be required to make any charitable contribution, regardless of to whom the contribution was made. He then proposed three alternatives. First, Rockwell could provide Yott with a job outside the bargaining unit, i. e., a job which is not governed by a collective bargaining agreement requiring employees subject to the agreement to join the union and pay dues. Second, Rockwell and Local 887 could exempt Yott from the security clause in the 1968 collective bargaining agreement. Third, Rockwell could allow Yott to return to his former position at less pay.

The district court concluded that the accommodations proposed by Yott were not reasonable. It found that the proposed accommodation of a job outside the bargaining unit inadequate because evidence introduced indicated Local 887 is continuing to organize all Rockwell employees and thus accommodation would be at best only temporary, precluding the court from finding such a proposed accommodation to be reasonable.

The district court also found that exemption could not be a reasonable accommodation in light of the constitutional validity and congressional purpose of union security clauses. The third proposal to pay Yott a wage reduced by the amount he otherwise would have had to pay to the union was found unworkable because Rockwell's payment of union dues on behalf of or for the benefit of Yott would be treated as income to Yott. Yott has only appealed the district court's decision concerning the constitutionality of Section 701(j), and its rejection of the first two accommodation proposals suggested by Yott, but not the rejection of the third proposal.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a), reads in relevant part: "It shall be an unlawful employment practice for an employer—(1) to . . .

discharge any individual . . . because of such individual's . . . religion." The proscription against religious discrimination applies equally to a labor organization. 42 U.S.C. § 2000e–2(c). Section 701(j) of Title VII, 42 U.S.C. § 2000e(j), further provides:

The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

■ Yott having established that he had a belief that union membership and payment of union dues were contrary to his religion, that he had informed Rockwell and Local 887 about his religious beliefs and that he was discharged for failure to join the union or pay union dues, the burden shifted to Rockwell and Local 887. Specifically, Rockwell and Local 887 had the burden to show that they had made good faith efforts to accommodate Yott's religious beliefs, and that the efforts were unsuccessful in reasonably accommodating those beliefs without undue hardship. *See Anderson v. General Dynamics Convair Aerospace Division*, 589 F.2d 397, 401 (9th Cir. 1978); *Burns v. Southern Pacific Transportation Co.*, 589 F.2d 403, 405 (9th Cir. 1978).

■ The offer by Rockwell and Local 887 to permit Yott to substitute payment to a charity, including his own church, for payment of union dues constitutes a good faith effort by Rockwell and Local 887 to accommodate Yott's religious beliefs. *Cf. Burns v. Southern Pacific Transportation Co., supra* (payment of the equivalent of union dues to a charity is not as a matter of law an unreasonable accommodation proposal based on a claim of undue hardship). In fact, although it is against Yott's religious belief to be compelled to contribute to his church, he is not compelled to work for Rockwell. Yott clearly supports his religion, thus, his refusal to accept the proposed accommodation is not entirely consistent with his otherwise unrestricted sup-

port of The Church Which is Christ's Body. As stated by the Eighth Circuit Court of Appeals:

> An employee cannot shirk his duties to try to accommodate himself or to cooperate with his employer in reaching an accommodation by a mere recalcitrant citation of religious precepts. Nor can he thereby shift all responsibility for accommodation to his employer. Where an employee refuses to attempt to accommodate his own beliefs or to cooperate with his employer's attempt to reach a reasonable accommodation, he may render an accommodation impossible.

*Chrysler Corp. v. Mann*, 561 F.2d 1282, 1285 (8th Cir. 1977). Thus, as this Court intimated in the previous appeal, accommodation does not appear possible.

Even though Rockwell and Local 887 have made a good faith effort to accommodate Yott's religious beliefs thereby satisfying their initial burden, where that effort is viewed by Yott as inadequate, the question becomes whether the further accommodation that Yott has requested constitutes "undue hardship." *Burns v. Southern Pacific Transportation Co., supra*, 589 F.2d at 406. In *Trans World Airlines v. Hardison*, 432 U.S. 63, 84, 97 S.Ct. 2264, 2277, 53 L.Ed.2d 113 (1977), the Supreme Court held that where the impact upon co-workers or cost of an accommodation proposal is greater than de minimus, undue hardship is demonstrated.

As indicated on the first appeal, whether Rockwell and Local 887 could make a reasonable accommodation to Yott's religious belief without undue hardship "should be for the district court to determine." *Yott v. North American Rockwell Corp., supra*, 501 F.2d at 403. The Seventh Circuit Court of Appeals has relevantly observed:

> The term "reasonable accommodation" is a relative term and cannot be given a hard and fast meaning. Each case involving such a determination necessarily depends upon its own facts and circumstances, and comes down to a determination of "reasonableness" under the unique circumstances of the individual employer-employee relationship. The trier of fact is in the best position to weigh these considerations.
>
> We conclude that the trial court's determination of the issue of "accommodation" must be accepted unless it is "clearly erroneous," i.e., if after a careful review of the record the reviewing court is left with the definite and firm conviction that the finding is clearly wrong and that a mistake has been made.

*Redmond v. GAF Corp.*, 574 F.2d 897, 902–03 (7th Cir. 1978).

The conclusion that the proposal to transfer Yott to a position that did not require him to be a member of a union or pay union dues was an unreasonable accommodation is not clearly erroneous. Evidence was introduced that Local 887 was continually attempting to organize all employees at Rockwell. From this evidence it could be inferred that the accommodation was of such temporary duration as to make the accommodation ineffectual and thus unreasonable. The parties also stipulated that any available jobs would require training Yott to fill the position. Training obviously involves an expense greater than that characterized as de minimis. Moreover, transferring and training Yott appears to constitute a preferential treatment over other bargaining unit employees of a substantial nature, contrary to *Trans World Airlines, Inc. v. Hardison, supra*, which held that Title VII did not require an employer to deny the shift and job preference of some employees in order to accommodate or prefer the religious needs of others and presumably contrary to the seniority provisions of the 1968 collective bargaining agreement.

The determination that the proposal to exempt Yott was not a reasonable accommodation is also not clearly erroneous. The record indicates that prior to the 1968 collective bargaining agreement, substantial time during work was spent organizing and persuading non-union members to join. Testimony indicated Rockwell lost more than one million dollars every five years due to union organizing efforts. This expense was eliminated by the union security

clause negotiated in 1968. It is not unreasonable to infer in light of the facts of this case that exempting Yott could lead to further exemptions for religious or other reasons and that Local 887 would again engage in organizational activities and Rockwell would again incur the costs connected with such effort. Moreover, exemption on its face requires such a substantial alteration in the relationship between the parties and significant erosion of the congressional purpose in permitting union security clauses that it goes beyond reasonable accommodation. *Cf. Jordan v. North Carolina National Bank,* 565 F.2d 72 (4th Cir. 1977) (proposal that employer guarantee applicant that she would never have to work on Saturday contrary to her religion spoke its own unreasonableness and thus was beyond accommodation).

Evidence also indicates that prior to the 1968 collective bargaining agreement, there was substantial animosity between union and non-union workers and that this discord was eliminated by the union security clause in the 1968 labor agreement. Thus, exemptions are more likely to cause unrest given the history of labor relations at Rockwell than otherwise. Furthermore, this is not a situation where no evidence has been submitted that there has been or is dissension among employees because some are paying the equivalent of union dues to a charity as it was in *Anderson v. General Dynamics, supra,* and *Burns v. Southern Pacific Ry. Co., supra.* Exemption involves no payment at all, and the history at Rockwell indicates friction has resulted from "free-riders" defined as those who pay neither union dues nor the equivalent thereof to a charity.

Appellant Yott has contended that the district court erred as a matter of law by weighing Yott's proposed accommodations in reference to the relative burden placed upon Local 887 in that no consideration of hardship to Local 887 is mandated by Section 701(j). Although Section 701(j) as quoted above does not expressly allow consideration of the hardship a particular accommodation proposal would have on a labor union, Title VII clearly imposes the same duty not to discriminate on a union as it does the employer. Thus, it is not unreasonable to consider the burden on the union. Even if the burden on the union were not considered as such, the findings of the district court are sufficiently supported so as not to be clearly erroneous.

Appellant Yott has further argued that in light of *Trans World Airlines v. Hardison, supra,* the findings that the proposed accommodations were not reasonable are clearly erroneous. Yott, however, has not shown nor does the record reveal that the legal standard employed by the district court differed from that adopted by the Supreme Court in *Trans World Airlines v. Hardison, supra.* Furthermore, a standard less difficult to satisfy than the "de minimus" standard for demonstrating undue hardship expressed in *Hardison* is difficult to imagine.

Because Rockwell and Local 887 made a good faith effort to accommodate the religious beliefs of Yott and because the findings that Rockwell and Local 887 could not further accommodate the religious beliefs of Yott without undue hardship are not clearly erroneous, the judgment of the district court is affirmed.