Darrel C. NOTTELSON, Plaintiff,

v.

A. O. SMITH CORPORATION, a Foreign Corporation, and Smith Steel Workers Directly Affiliated Local Union 190806, AFL–CIO, Defendants.

No. 75–C–220.

United States District Court, E. D. Wisconsin.

Dec. 10, 1979.

Lee Boothby, Johns, Carson & Boothby, Washington, D. C., for plaintiff.

Sigrid E. Dynek, Asst. Gen. Counsel, A. O. Smith Corp., Milwaukee, Wis., for defendants.

Kenneth R. Loebel, Goldberg, Previant & Uelmen, Milwaukee, Wis., for Union.

MEMORANDUM AND ORDER

WARREN, District Judge.

This is a civil action brought by plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2.

Plaintiff, a Seventh Day Adventist, alleges that defendants discriminated against him on the basis of his religion by discharging plaintiff for his refusal to join or contribute to defendant union. The following constitutes the findings of fact and conclusions of law required by Rule 52(a) of the Federal Rules of Civil Procedure.

A court trial was held and the following facts developed. Plaintiff was employed by defendant company in 1947, and remained so employed until his discharge on July 11, 1975. For at least thirty years prior to plaintiff's discharge, defendant employer had been party to labor agreements with defendant union. Each agreement contained a union security clause which required all employees to join the union and pay dues as a condition of employment.

Plaintiff became a member of the Seventh Day Adventist Church in May 1966. The sincerity of his religious beliefs is not questioned. A basic tenet of this religion provides that its members not join or financially support labor unions and similar organizations, although each member may personally decide whether to follow the tenet. In December, 1974, plaintiff notified the defendants that his religious beliefs prevented him from complying with the labor agreement's security clause. Plaintiff offered to contribute an amount equal to his union dues to a non-religious charity if defendants would attempt to accommodate his religious beliefs. As a good faith gesture, plaintiff made contributions of this amount to the American Cancer Society.

Defendants refused to accept plaintiff's offer as contrary to the union's constitution and bylaws. Defendant union, in a letter written on May 7, 1975, offered to remove plaintiff's name from its membership listings, but insisted that plaintiff continue to pay an amount equal to the dues to defendant union "for services both past and presently being rendered." Plaintiff rejected this offer because his religious beliefs prevented him from financially supporting a union. Plaintiff was discharged on July 11, 1975. After plaintiff exhausted his administrative remedies, this Court took jurisdiction of his cause of action.

Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2(a) provides:

It shall be an unlawful employment practice for an employer—

(1) . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion . .

42 U.S.C. § 2000e–2(c)(3) also makes it an unlawful employment practice for a union to "cause an employer to discriminate against an individual in violation of this section." In determining whether discrimination has occurred on the basis of an individual's religion, 42 U.S.C. § 2000e(j) defines religion as including:

all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business.

The language of section 2000e(j) clearly applies to all types of religious observances and practices. "[T]he definition is what may be termed as an operative one: *all* forms and aspects of religion, however eccentric, are protected except those that cannot be, in practice and with honest effort, reconciled with a businesslike operation." *Cooper v. General Dynamics,* 533 F.2d 163, 168, *cert. denied, International Association of Machinists and Aerospace Workers, AFL–CIO v. Hopkins,* 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1091 (5th Cir. 1976); *see McDaniel v. Essex International, Inc.,* 571 F.2d 338 (6th Cir. 1978). Thus, plaintiff's sincerely held religious beliefs fall within section 2000e(j) and defendants are subject to the statute's proscription against discrimination.

■ To establish a *prima facie* case of discrimination under 42 U.S.C. § 2000e–2(a), plaintiff must establish that: 1) he had a

bona fide belief that union membership and the payment of dues are contrary to his religious faith as a Seventh Day Adventist; 2) he informed defendants employer and union of his views and that they were in conflict with the union security agreement; and 3) he was discharged from his employment due to his refusal to join defendant union and pay the required amount of dues. *Yott v. North American Rockwell Corp.,* 602 F.2d 904 (9th Cir. 1979); *Burns v. Southern Pacific Transportation Company,* 589 F.2d 403, 405 (9th Cir. 1978); *Anderson v. General Dynamics Convair,* 589 F.2d 397, 401 (9th Cir. 1978).

The evidence presented at trial shows that plaintiff satisfied his burden of establishing a *prima facie* case against defendants. Plaintiff, a Seventh Day Adventist, held a sincere belief in December 1974, in accordance with the tenets of his religion, opposing membership in and contributions to unions and similar organizations. The evidence also indicates that plaintiff, in December 1974, notified defendants that such belief prevented him from complying with the labor agreement's security clause requiring union membership and the payment of dues. He did, however, offer to contribute a sum equal to the amount of union dues to a non-religious charity. After many months of attempted conciliation between plaintiff and defendants, plaintiff was discharged by defendant employer on July 11, 1975 due to his refusal to comply with the security agreement.

Plaintiff was not required, in establishing a *prima facie* case, to accommodate his own religious beliefs before seeking a compromise by defendants. "While . . . plaintiff should be free, even encouraged, to suggest to his employer possible ways of accommodating his religious needs, we see nothing in the statute to support the position this is part of plaintiff's burden of proof." *Redmond v. GAF Corp.,* 574 F.2d 897, 901 (7th Cir. 1972). "We agree . . that the employee who has provided his employer with sufficient information to put it on notice is not required, as part of his prima facie case, to show that he thereafter made some efforts either to compromise or

accommodate his own religious beliefs before he can seek an accommodation from his employer." *Anderson v. General Dynamics Convair,* 589 F.2d at 401, fn. 3. Thus plaintiff, by informing the defendants of his sincerely held belief, did all that he was required to do to establish a *prima facie* case of discrimination in his discharge.

Once plaintiff has been shown to have established a *prima facie* case of employment discrimination, the burden then shifts to the defendants to "demonstrate that he is unable to reasonably accommodate . . [plaintiff's] religious observance or practice without undue hardship on the conduct of the employer's business." *Redmond v. GAF Corp.,* 574 F.2d at 901; *see McDaniel v. Essex International Inc.,* 571 F.2d at 343.

The Supreme Court and the Courts of Appeals have made it clear that an employer has an affirmative obligation under Title VII to attempt to accommodate the operations to his employee's religious beliefs. An employee may demonstrate that he has complied with his legal obligation by showing any additional accommodation would be an undue hardship. *Padon v. White,* 465 F.Supp. 602, 607 (S.D.Tex.1979); *see Yott v. North American Rockwell Corp., supra; Anderson v. General Dynamics Convair, supra.*

Thus, defendants must show that they made a good faith effort to accommodate plaintiff's religious beliefs, and that any further accommodation would create an undue hardship within the meaning of the statute.

In determining whether defendants have satisfied their burden, this Court recognizes that the existence of the union security agreement, requiring union membership and the payment of dues, does not automatically establish a lack of accommodation by defendants. The passage of Title VII in no way:

precludes or trenches in any direct way upon an employer's making a union security agreement. He and his union can make any they like and enforce it in the general run of cases—in all except the

unusual one where compliance would run counter to a particular employee's religious conviction, sincerely held, that can be accommodated without undue hardship. *Cooper v. General Dynamics,* 533 F.2d at 170.

Thus, the thirty-year old security agreement between defendant employer and defendant union does not in itself lessen the effect of defendants' attempts to accommodate plaintiff's religious beliefs. The agreement may not, however, lead to employment discrimination in its implementation.

■ Defendant union contends that section 2000e(j) is limited to employers and imposes no legal duty upon defendant union to make reasonable accommodation to plaintiff's religious beliefs. While section 2000e(j), which establishes the need for accommodation, specifically refers only to employers, defendant's contention is without merit. Title VII clearly imposes the same duty not to discriminate on a union as well as an employer. *Yott v. North American Rockwell Corp., supra.* As such, the ability of defendant union to accommodate to plaintiff's religious beliefs, and effect such accommodation would have on defendant union may be considered:

> In enacting [§ 2000e(j)] Congress explicitly required a balancing between the religious needs of the individual and the legitimate business needs of an employer. By implication the same balancing applies to the needs of a union, at least where a claim of discrimination arises from the enforcement of the terms of a collective bargaining agreement. *McDaniel v. Essex International, Inc.,* 571 F.2d at 344.

Proceeding to an analysis of defendants' attempts at accommodation, 42 U.S.C. § 2000e(j) and section 2000e–2(a) require defendant employer and defendant union to make reasonable accommodation for the religious observances of its employees short of incurring an undue hardship. While the statute is unclear as to the extent of accommodation required, the legislative history clearly shows that "Congress intended to . . . requir[e] some form of accommodation." *Trans World Airlines v. Hardison,*

432 U.S. 63, 74 fn. 9, 97 S.Ct. 2264, 2272 n. 9, 53 L.Ed.2d 113 (1971). The extent to which defendants have attempted a reasonable accommodation, and to which further accommodation would be an undue hardship must be analyzed according to the particular facts presented, since "the decision ultimately turns on the reasonableness of the conduct of the parties under the circumstances of each case." *Anderson v. General Dynamics Convair,* 589 F.2d at 400.

■ In the present case, defendants rejected plaintiff's offer to donate the amount of union dues to a non-religious charity in return for a waiver of the defendant's security clause. Defendants offered, however, to keep plaintiff's name off of the union membership roll, but insisted that plaintiff contribute an amount equal to defendant union's dues to defendant union, for services past and presently being rendered. Plaintiff rejected this offer as contrary to the tenets of the Seventh Day Adventist Church. Where, as here, the effort made by defendants to accommodate plaintiff's religious belief is viewed as inadequate by plaintiff, the question becomes whether the further accommodation that plaintiff has requested constitutes undue hardship. *Yott v. North American Rockwell Corp., supra.*

This Court finds that the accommodation suggested by plaintiff, whereby plaintiff would contribute an amount equal to union dues to a non-religious charity, does not constitute undue hardship within the meaning of 42 U.S.C. § 2000e(j). The cost of an accommodation or its impact on workers must be greater than *de minimus* for undue hardship to be demonstrated. *Trans World Airlines v. Hardison, supra; Yott v. North American Rockwell Corp., supra; Padon v. White, supra.* Plaintiff's offer of accommodation would be only a *de minimus* cost to defendants. There is no evidence that many workers other than plaintiff would seek a similar accommodation due to their religious beliefs. Indeed, defendant union would lose only ten dollars a month, certainly a minimal amount, by allowing this single worker to pay that figure to a non-

religious charity. In addition, plaintiff was not attempting to accept the benefits offered by defendant union as a free rider. He offered to fulfill this responsibility by contributing an amount equal to the union dues to a normal charity. As such, the cost to defendants of accepting plaintiff's offer would have been only *de minimus.*

"Undue hardship means something greater than hardship . . . Even proof that employees would grumble about a particular accommodation is not enough to establish undue hardship." *Anderson v. General Dynamics Convair,* 589 F.2d at 402. "An employer or union would have to show . . actual imposition on co-workers or disruption of the work routine . . . " to establish undue hardship. *Burns v. Southern Pacific Transportation Co.,* 589 F.2d at 407. Neither of these considerations are apparent in the present case. Allowing plaintiff to contribute the specified sum to a non-religious charity would not increase the amount or severity of duties required of his co-workers. Furthermore, no disruption of the work routine would occur because plaintiff would continue to perform all of his employment duties. Since there is no evidence that many other workers would seek similar accommodations, it is doubtful that substantial labor strife would be engendered from the acceptance of this one individual's offer of accommodation. Given the reasonableness of plaintiff's offer of accommodation and its *de minimus* cost, defendants have failed to carry their burden of establishing that its acceptance would constitute an undue hardship within the meaning of the statute.

For the foregoing reasons, judgment must be rendered for plaintiff. Plaintiff is therefore instructed to draft a form of judgment and present it to this Court within two weeks after the issuance of this memorandum and order.

This Court also notes that plaintiff has requested that he be awarded attorney's fees. Because the award of attorney's fees under Title VII is within the Court's discretion and neither party has discussed the propriety of their issuance, this Court will require the parties to submit briefs on this issue. Such briefs must be presented to this Court within one month of the issuance of this memorandum and order.

SO ORDERED this 7th day of December, 1979, at Milwaukee, Wisconsin.