No. 92-194

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

BARBARA R. WOLFE,

        Petitioner and Appellant,

    -vs-

STATE OF MONTANA, DEPARTMENT OF
LABOR AND INDUSTRY, BOARD OF PERSONNEL
APPEALS, ex rel., HELENA EDUCATION
ASSOCIATION, MEA, NEA, LABOR ORGANIZATION,
and HELENA SCHOOL DISTRICT NO. 1, EMPLOYER,

        Respondents and Respondents.


APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Michael Donahoe, Helena, Montana

        For Respondent:

        Emilie Loring, Hilley & Loring, Missoula, Montana
(Helena Education Assn.); Melanie A. Symons, Dept.
Labor & Industry, Helena, Montana (Board of
Personnel Appeals)

# FILED

DEC 8 - 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT.
STATE OF MONTANA

Submitted on Briefs:   September 17, 1992

Decided:   December 8, 1992

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from a First Judicial District Court, Lewis and Clark County, decision declaring § 39-31-204, MCA, unconstitutional. We vacate the decision and remand to the Board of Personnel Appeals.

Barbara Wolfe is a teacher employed in School District No. 1. Her employment is subject to a collective bargaining agreement between the Helena Education Association (HEA) and the School District. The HEA is affiliated with two other teacher's unions, the Montana Education Association (MEA) and the National Education Association (NEA).

The collective bargaining agreement allows teachers to pay an agency fee in lieu of joining the unions. School District employees must either join the unions or pay the agency fee. The agency fee is a payment for the union's collective bargaining efforts. Like membership dues, the agency fee is divided among HEA, MEA and NEA.

Wolfe is a Roman Catholic. Because of her religious beliefs, she opposes both birth control and abortion. She objects to paying an agency fee to the teacher's unions because the NEA publicly supports legalized abortion and birth control.

On November 21, 1988, Wolfe sent a letter to HEA, MEA and the Montana Department of Labor and Industry Board of Personnel Appeals. In the letter Wolfe stated, "joining the NEA or any of its affiliates would be a violation of my religious beliefs and I

2

cannot in good conscience contribute money directly or indirectly to such an organization."

In addition to freedom of religion, the letter mentioned possible religious accommodation under the non-association with labor unions statute, § 39-31-204, MCA. That statute provides certain religious grounds for which public employees may have a right of non-association with and non-financial support of labor organizations. See § 39-31-204, MCA. Persons who fall within the parimeters of the statute may make periodic payments to a charity rather than pay money to a union. See § 39-31-204, MCA.

The Board of Personnel Appeals treated the letter as a petition for non-association with a labor organization and appointed a special committee pursuant to the non-association statute. The committee met on February 15, 1989. Two days later, it informed Wolfe that she did not qualify for non-association under the statute. The Board considered only the non-association statute in its decision. It ignored her right to free exercise of religion and did not consider any alternative accommodations.

On January 25, 1991, after further correspondence between Wolfe and the Board of Personnel Appeals, the Board issued a final order adopting the dismissal issued in February of 1989. The final order stated, "the Board does not intend to take action on the petition."

On February 22, 1991, Wolfe filed a petition for judicial review in District Court, alleging the Board of Personnel Appeals' final order violated her right of non-association as set forth in

3

§ 39-31-204, MCA. Wolfe's petition also alleged that the Board's decision denied her right to exercise her religious beliefs in violation of the Free Exercise Clause of both the United States Constitution and the Montana Constitution.

The District Court determined that, pursuant to the Montana Administrative Procedure Act, § 2-4-702, MCA, it had jurisdiction over only the allegation that the Board denied Wolfe her rights under the non-association statute. The District Court, therefore, treated the petition as a declaratory judgment action. The court declared § 39-31-204, MCA, unconstitutional on its face because it violates the Establishment Clause of the First Amendment--it grants a benefit to members of organized religion which is denied to persons with personal religious beliefs. The District Court decision did not resolve the dispute between the parties.

As a general rule, this Court will consider only issues raised before the district court. Miller v. Catholic Diocese of Great Falls (1986), 224 Mont. 113, 116, 728 P.2d 794, 795. This Court, however, reserves the power to consider a question raised for the first time on appeal if it relates to a substantial or fundamental right of a litigant. Haldorson v. Haldorson (1977), 175 Mont. 170, 173, 573 P.2d 169, 171; Cottril v. Cottril Sodding Service (1987), 229 Mont. 40, 42, 744 P.2d 895, 896. The case presently before the Court involves freedom of religion which is clearly a fundamental right. See Art. II, Sec. 5 Mont.Const.; U.S. Const. amend. I.

Courts should avoid constitutional questions whenever possible. Ingraham v. Champion Int'l (1990), 243 Mont. 42, 46, 793

4

P.2d 769, 771. A court should not rule on the constitutionality of a legislative act if the court can decide the case before it without reaching constitutional considerations. Taylor v. Dept. of Fish, Wildlife & Parks (1983), 205 Mont. 85, 90, 666 P.2d 1228, 1231.

We can decide the present case without ruling on the constitutionality of the non-association with labor unions statute, § 39-31-204, MCA. Both federal and Montana's civil rights acts forbid religious discrimination by employers. See Title VII of Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; § 49-2-101, MCA, et seq. Title VII of Civil Rights Act of 1964 "clearly imposes the same duty not to discriminate on a union as it does the employer." Yott v. North American Rockwell Corp. (9th Cir. 1979), 602 F.2d 904, 909; see also 42 U.S.C. § 2000e-2(c).

In the present case, the teachers' unions must reasonably accommodate Wolfe's religious beliefs, if they can do so without incurring undue hardship. See Yott, 602 F.2d at 908-09. Wolfe requested that the unions accommodate her religious beliefs by extending the perimeters of the non-association statute to include her situation. The unions, on the other hand, offered to accommodate Wolfe by splitting the NEA's portion of the agency fee between the MEA and the HEA.

Under Title VII, a defendant that has several means of reasonably accommodating an employee is free to select the one that poses the least hardship to itself. See generally, Ansonia Board of Education v. Philbrook (1986), 479 U.S. 60, 68, 107 S.Ct. 367,

5

372; American Postal Workers Union v. Postmaster General (9th Cir. 1986), 781 F.2d 772, 775-77. "By its very terms [Title VII] directs that any reasonable accommodation by the employer is sufficient to meet its accommodation requirement." Ansonia Bd. of Ed., 479 U.S. at 68.

In the present case, there has been no fact finding as to whether the unions offered a reasonable accommodation that would effectively remove the religious conflict facing Wolfe. We vacate the District Court decision of unconstitutionality and remand to the Board of Personnel Appeals to determine whether the unions offered a reasonable accommodation of Wolfe's religious beliefs.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices