CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Debra Ruth Monroe and Marvin Monroe seek a declaratory judgment that § 87-2-102(2), MCA (1989), is void for vagueness. The statute defines “resident” for purposes of issuing resident fishing, hunting, and trapping licenses. The District Court for the First Judicial District, Lewis and Clark County, upheld the constitutionality of the statute. We affirm.
The issue is whether the term “resident” is unconstitutionally vague as defined in § 87-2-102(2), MCA (1989).
Montana has long assessed higher fees from non-residents than from residents of Montana for licenses to fish, hunt, and trap in this state. This fee differential has been upheld against challenges based upon the Privileges and Immunities Clause of Art. IV, § 2, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Baldwin v. Montana Fish and Game Comm’n. (1978), 436 U.S. 371, 98 S.Ct. 1852, 56 L.Ed.2d 354.
In January 1992, the State of Montana brought misdemeanor charges in Lewis and Clark County Justice Court against Debra Ruth *3 Monroe and Marvin Monroe, alleging that they made false statements in obtaining resident hunting licenses in violation of § 87-2-205, MCA. Marvin Monroe also faces related charges, including illegally killing big game animals.
“Resident” is defined, for purposes of § 87-2-205, MCA, at § 87-2-102, MCA. The Monroes moved to dismiss the charges against them, arguing that § 87-2-102(2), MCA (1989), which applies in this case, provides no precise and clear definition of “resident.” The Justice Court denied the motion to dismiss.
The Monroes then filed this declaratory judgment action in District Court. The Justice Court granted a stay of the criminal matter during the proceedings in District Court. In July 1993, the District Court entered judgment in the State’s favor and dissolved the stay in Justice Court. The Monroes appeal. Because this is a challenge to the facial validity of the statute, no facts are before us concerning the Monroes’ residency status.
The State argues in its brief that a declaratory judgment proceeding may not be used to attack a decision in an ongoing criminal prosecution. By order dated December 7,1993, this Court declined to consider that argument.
Is the term “resident” unconstitutionally vague as defined in § 87-2-102(2), MCA (1989)?
Statutes are accorded a presumption of constitutionality; the burden of proof is upon the party challenging a statute’s constitutionality. GBN, Inc. v. Montana Dept. of Revenue (1991), 249 Mont. 261, 265, 815 P.2d 595, 597. Any doubt is to be resolved in favor of the statute. GBN, 815 P.2d at 597.
This Court has set forth the standard for facial vagueness as “a statute ... is void on its face if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute.” City of Choteau v. Joslyn (1984), 208 Mont. 499, 505, 678 P.2d 665, 668 (citation omitted). However, the fact that a statute is difficult to apply to some situations does not render it unconstitutionally vague.
The strong presumptive validity that attaches to [a legislative act] has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language.
United States v. National Dairy Corp. (1963), 372 U.S. 29, 32, 83 S.Ct. 594, 597, 9 L.Ed.2d 561, 565. The complainant attacking a statute’s *4 validity must prove that the statute is vague “not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.” Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc. (1982), 455 U.S. 489, 495, n. 7, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 369 (citation omitted).
Section 87-2-102, MCA (1989), provides:
Resident defined. In determining a resident for the purpose of issuing resident fishing, hunting, and trapping licenses, the following provisions shall apply:
(2) Any person who has been a resident of the state of Montana, as defined in 1-1-215, for a period of 6 months immediately prior to making application for said license shall be eligible to receive a resident hunting, fishing, or trapping license.
Section 1-1-215, MCA, provides:
Residence — rules for determining. Every person has, in law, a residence. In determining the place of residence the following rules are to be observed:
(1) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose and to which he returns in seasons of repose.
(2) There can only be one residence.
(3) A residence cannot be lost until another is gained.
(6) The residence can be changed only by the union of act and intent.
In 1991, § 87-2-102(2), MCA, was revised so that it no longer refers to § 1-1-215, MCA, in defining “resident.” The Monroes point to that revision in arguing that the 1989 statutory scheme is unconstitutionally vague. They admit, however, that neither the fact of the revision nor the testimony in support of the revision (which they have cited in their brief) determines the constitutionality of the 1989 version of the statute. The fact that the 1991 revision made the statute clearer as to some applicants, such as persons who spend part of each year in Montana, does not render the 1989 statute unconstitutionally vague.
We have not previously construed § 1-1-215, MCA, in the criminal law context, but the Monroes cite civil cases in which this Court has applied that statute. Section 87-2-102(2), MCA (1989), in addition to incorporating § 1-1-215, MCA, provides that a person must meet the *5 definition of “resident” “for a period of 6 months immediately prior to making application for [a license to fish, hunt, or trap.]” This six-month duration requirement distinguishes this case from the cases interpreting § 1-1-215, MCA, in a civil context.
In Hoffman, the United States Supreme Court upheld a village ordinance against a challenge of facial vagueness. The ordinance, violation of which was punishable as a misdemeanor criminal offense, required local businesses to obtain a license if they sold any items “designed or marketed for use with illegal cannabis or drugs.” The Court stated that a law challenged as unduly vague on its face must be demonstrated to be impermissibly vague in all of its applications. Hoffman, 455 U.S. at 497, 102 S.Ct. at 1192. The Court ruled that the ordinance’s clear applicability to at least some items sold by the plaintiff rebutted the facial challenge. Hoffman, 455 U.S. at 500, 102 S.Ct. at 1194. Counsel for the Monroes agreed at oral argument before this Court that the Hoffman standard applies in this case.
Section 87-2-102(2), MCA (1989), requires that, for a period of six months immediately preceding the application for a resident license to fish, hunt, or trap in Montana, the applicant must have been a resident as defined in § 1-1-215, MCA. Under § 1-1-215, MCA, a residence is the place where one remains when not called elsewhere for labor or other special or temporary purpose and to which one returns in seasons of repose; a person has only one residence; a residence is not lost until another residence is gained; and residence is established by the union of act and intent. Certainly a person who came into Montana on the day before hunting season, on his or her first trip to this state, and intending to stay for only a week or two of hunting, would know that he or she did not qualify as a resident under this standard.
We conclude that at least some applicants could determine whether they qualified as residents of Montana under § 87-2-102(2), MCA (1989). Therefore, the Monroes’ facial challenge to the statute must fail. We hold that the District Court did not err in upholding the constitutionality of the statute. Affirmed.
JUSTICES HARRISON and WEBER concur.