NO. 94-593

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

    Plaintiff and Respondent,

    v.

RICHARD A. STILL,

    Defendant and Appellant.



SEP 14 1995

CLERK

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      James Maher, Basin, Montana

      For Respondent:

      Hon. Joseph P. Mazurek, Attorney General, Kathy
Seeley, Assistant Attorney General, Helena,
Montana; Deborah F. Butler, Acting Jefferson County
Attorney, Boulder, Montana

Submitted on Briefs: July 27, 1995

Decided: September 14, 19

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Appellant Richard A. Still (Still) was charged in Jefferson County Justice Court with five misdemeanor violations of § 87-2-106, MCA, for affirming to a false statement in order to obtain resident "A" and "B" deer licenses, an elk license, a conservation/fishing license, and an antelope license. The Justice Court sentenced Still to pay $974 in fines. Still appealed to the Fifth Judicial District Court, Jefferson County. The District Court dismissed the appeal and let the Justice Court's decision stand. Still appeals from the decision of the Fifth Judicial District Court. We affirm.

We address the following issue on appeal:

Did the District Court err in dismissing Still's appeal and in letting the Justice Court's decision stand?

BACKGROUND

Still and his family moved to Montana in late April of 1993. He immediately took steps to establish his residency in the state by renting a post office box, registering to vote, and applying for a driver's license. On May 6, 1993, Still purchased a resident deer "A" license, a resident elk license, a resident conservation/fishing license, and a resident archery stamp. On September 25, 1993, Still purchased a resident deer "B" license. On each license application, Still stated that he had been a resident for six months. On February 18, 1994, the Department of Fish Wildlife and Parks issued five citations to Still for affirming to false statements on his applications in violation of

2

§ 87-2-106, MCA. This statute governs applications for licenses, penalties for violations, and forfeiture of privileges.

The charges were brought in Jefferson County Justice Court. The State moved to dismiss the charge of affirming to a false statement to obtain a resident antelope license. The Justice Court dismissed the charge without prejudice. Still then withdrew his not guilty pleas, pleaded guilty to four misdemeanor counts of violating § 87-2-106, MCA, and reserved his right to appeal. The Justice Court sentenced Still to pay $974 in fines. Still subsequently appealed to the Fifth Judicial District court, Jefferson County. The District Court considered the briefs filed in the Justice Court and found for the State, dismissing Still's appeal and letting the Justice Court's decision stand. Still appeals the District Court's decision.

DISCUSSION

Did the District Court err in dismissing Still's appeal and in letting the Justice Court's decision stand?

We review a district court's conclusions of law to determine whether the tribunal's interpretation of the law is correct. State v. Barker (1993), 260 Mont. 85, 88, 858 P.2d 360, 362 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).

Still argues that § 87-z-102, MCA, violates his constitutional rights to equal protection, due process, and travel and that the six-month durational residency requirement in § 87-2-102, MCA, does not apply to Montana citizens. The State correctly argues that we

3

need not address the constitutional or the statutory questions concerning § 87-2-102, MCA, because Still's violations of a separate statute, § 87-2-106, MCA, are dispositive.

This Court has repeatedly recognized that "courts should avoid constitutional issues whenever possible." Wolfe v. State Dept. of Labor & Ind. (1992), 255 Mont. 336, 339, 843 P.2d 338, 340 (citing Ingraham v. Champion Intern. (1990), 243 Mont. 42, 46, 793 P.2d 769, 771). Certain constraints govern the Court's power to determine the constitutionality of statutes. Among those constraints is the principle that we will not rule on the constitutionality of a legislative act if we are able to decide the case without reaching constitutional considerations. Ingraham, 793 P.2d at 771; Wolfe, 843 P.2d at 340 (citing Taylor v. Dept. of Fish, Wildlife & Parks (1983), 205 Mont. 85, 90, 666 P.2d 1228, 1231); see also State ex rel. Hammond v. Hager (1972), 160 Mont. 391, 400, 503 P.2d 52, 57.

In the instant case, the State brought charges against Still for violating § 87-2-106, MCA. Section 87-z-106, MCA, provides in part:

> **87-2-106. Application for license -- penalties for violation -- forfeiture of privileges.** (1) . . . The applicant shall state the applicant's name, age, occupation, place of residence, post-office address, the qualifying length of time as a resident in the state of Montana, whether a citizen of the United States or an alien, and other facts, data, or descriptions as may be required by the department. . .
> (6) It is unlawful to subscribe to any statement, on any application or license, that is materially false. Any material false statement contained in an application renders the license issued pursuant to it void. A person violating any provision of this statute is guilty of a misdemeanor.

4

(7)   **(a)** A **person** not meeting the residency **criteria** set out in 87-2-102 who is convicted of affirming to a false statement to obtain a resident license shall be:
(i) fined not less than the greater of $100 or twice the cost of the nonresident license that authorized the sought-after privilege or more than $1,000;
(ii) imprisoned in the county jail for not more than 6 months; or
(iii) both fined and imprisoned.
(b) In addition to the penalties specified in subsection (7)(a), upon conviction or forfeiture of bond or bail, the person shall forfeit any current hunting, fishing, and trapping licenses and the privilege to hunt, fish, and trap in Montana for not less than 18 months.
. . . [Emphasis added. ]

When Still applied for his resident licenses, he affirmed that he had been a resident for six months, when in fact, he had been a resident for less than two weeks for four of the applications and for approximately five months for one application. Section 87-2-**106,** MCA, states that it is unlawful to subscribe to a statement on the application that is materially false and a person violating a provision of the statute is guilty of a misdemeanor. Regardless of whether Still disagrees with the six-month durational residency requirement for a resident fishing, hunting, or trapping license, he subscribed to statements that **were materially** false.

**Still's violations** of the statute governing applications for fishing, hunting, or trapping licenses are separate and distinct from any constitutional or statutory challenge of the statute defining residency for the above licenses. The **convictions** stand independently of the statutory residency requirement. Had Still wished to challenge the six-month durational residency requirement on both constitutional and statutory grounds, he should have filled out the application truthfully and, if denied the license, then

challenged the denial of the license. See Baldwin v. Montana Fish & Game Comm'n (1978), 436 U.S. 371, 98 S.Ct. 1852, 56 L.Ed.2d 354 (challenging the State's statutory licensing requirements which impose higher fees on nonresidents than on residents); Monroe v. State (1994), 265 Mont. 1, 873 P.2d. 230 (seeking a declaratory judgment that the statute defining "resident" for purposes of issuing resident fishing, hunting, and trapping licenses was void for vagueness).

Still did not fill out the applications truthfully, but instead attested to false statements. His violations of § 87-2-106, MCA, are dispositive. As a result, we need not discuss the issues of statutory construction of § 87-2-102, MCA, and the alleged violations of Still's right to equal protection, right to due process, and right to travel. Accordingly, we hold that the District Court correctly interpreted the applicable law.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

September 14, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


James Maher
Attorney at Law
P.O. Box 81
Basin, MT 59631

Hon. Joseph P. Mazurek, Attorney General
Kathy Seeley, Assistant A.G.
Justice Bldg.
Helena, MT 59620

Jefferson County Attorney
Deborah F. Butler, Acting County Attorney
Courthouse, P.O. Box H
Boulder, MT 59632

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy