No. 99-066

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 270N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

FELICIANO QUIROZ,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Powder River,

The Honorable Gary L. Day, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

J. B. Wheatcroft, Attorney at Law, Miles City, Montana

No

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Pamela P. Collins,

Assistant Attorney General; Helena, Montana

Jeffrey A. Noble, Powder River County Attorney; Broadus, Montana

Submitted on Briefs: October 21, 1999

Decided: November 4, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶ **Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

¶ **Feliciano Quiroz (Quiroz) appeals from the Judgment and Sentence entered by the**

Sixteenth Judicial District Court, Powder River County, on a jury verdict finding him guilty of the misdemeanor offense of violating a protective order set forth in § 45-5-626(1), MCA, by harassing, annoying or disturbing the peace of Ginger Eustice (Eustice) and her children, and by coming within 1500 feet of Eustice's residence and other places where she and her children were to be found. We affirm.

¶ Quiroz raises two issues on appeal:

¶ 1. Is the protective order's prohibition against harassing or annoying Eustice and her children unconstitutionally vague?

¶ 2. Is the 1500-foot separation requirement contained in the protective order an unconstitutional infringement on Quiroz's right to travel?

## BACKGROUND

¶ Eustice is the mother of six children. After a brief marriage in 1991 and subsequent dissolution of that marriage, Quiroz and Eustice attempted to reconcile in 1996; the reconciliation was not successful. Eustice subsequently sought and obtained a temporary restraining order against Quiroz in the Powder River Justice Court in March of 1997, followed on April 9, 1997, by a protective order effective for one year. Among other things, the protective order prohibited Quiroz from harassing, annoying or disturbing the peace of Eustice and her children, and from going within 1500 feet of Eustice's residence, her place of employment, and places frequented by Eustice's children.

¶ After Eustice complained about multiple violations of the protective order by Quiroz during the time in which the protective order was in effect, he was arrested and charged in the Justice Court with violating the protective order. He moved to dismiss the charge on the basis that the 1500-foot separation requirement violated his right to travel. The Justice Court denied the motion, a bench trial was held, and the Justice Court convicted Quiroz of violating the protective order.

¶ Quiroz appealed to the District Court, the State of Montana (State) filed a complaint alleging Quiroz violated a number of the protective order's provisions, and Quiroz again moved to dismiss on the basis that the protective order infringed on his constitutional right to travel. The court denied the motion stating, in part, that the

complaint alleged various violations of the protective order by Quiroz.

¶ The case proceeded to a jury trial. At the close of the State's evidence, counsel and the District Court held an in-chambers discussion of the verdict form to which the parties had agreed, which separately stated six violations of the protective order. Quiroz also moved for a directed verdict and the court denied the motion.

¶ The jury ultimately found Quiroz guilty of harassing, annoying or disturbing the peace of Eustice and her children, and of going within 1500 feet of Eustice's residence and places frequented by her children. It found him not guilty of violating other provisions of the protective order. The District Court sentenced Quiroz on the misdemeanor charge of violating an order of protection and entered judgment accordingly. Quiroz appeals.

## DISCUSSION

¶ 1.  Is the protective order's prohibition against harassing or annoying Eustice and her children unconstitutionally vague?

¶ Quiroz contends that the "harass or annoy" language in the protective order is unconstitutionally vague on its face and, on that basis, that the District Court erred in denying his motions to dismiss and for a directed verdict. The State responds that Quiroz waived his right to raise this issue on appeal because he did not present it to the District Court. We agree.

¶ Quiroz's brief in support of his motion to dismiss in the District Court focused on his right to travel argument and, indeed, the only legal authorities cited therein related to that argument. While the brief contained a passing reference to a vagueness argument relative to the "annoy" language he now wishes to assert on appeal, no authorities were advanced on that issue in Quiroz's brief in the District Court. Moreover, his brief stated that "[b]eyond [my] claim that the Protective Order violates the constitutional rights of [Quiroz] as applied to [me] on the specific issue of the right to travel, the proof of violation of the terms of the Protective Order might not otherwise reach constitutional dimensions." In addition, the record of the hearing on Quiroz's pretrial motion to dismiss is clear that Quiroz requested, and was granted, "time to brief the harass and annoy language," but no brief on the issue was ever filed. In fact, near the end of that hearing Quiroz admitted that just because

the 1500- foot provision was, in his view, void, that "would not make the entire [protective] order void respecting other provisions." In Quiroz's stated view at that time, the validity of the annoy or harass violation would depend on whether the State produced evidence at trial to support it. Furthermore, during the in-chambers discussion at the close of the State's evidence at trial, the District Court observed that there was sufficient evidence to go to the jury on the protective order's "harass or annoy" language. Quiroz did not state, or suggest in any way at that time, that he was challenging or intended to challenge the constitutionally of that language. Finally, after the jury had returned its verdict and been dismissed, the District Court permitted Quiroz to reserve the right to make appropriate posttrial motions; no such motions were ever filed. On this record, it is clear that Quiroz did not sufficiently raise the facial vagueness issue vis-a-vis the annoy or harass language in the District Court.

¶ Quiroz concedes that he did not properly brief the facial vagueness issue. He contends, however, that the passing reference to the vagueness issue in his District Court brief was sufficient because "[t]he District Court's decision was going to be appealed in either case and additional briefing would have served no purpose." This contention ignores the underlying premise of Montana statutes and case law requiring a defendant to preserve an issue for appeal, which is to give the trial court an opportunity to correct any errors. *See, e.g.,* State v. Rodgers (1993), 257 Mont. 413, 418-19, 849 P.2d 1028, 1032 (citations omitted).

¶ We hold that Quiroz waived his right to assert error on appeal based on the alleged facial vagueness of the "harass or annoy" language contained in the protective order by failing to properly preserve the issue in the District Court. As a result, his conviction for violating the protective order by harassing, annoying or disturbing the peace of Eustice and her children stands.

¶ 2. Is the 1500-foot separation requirement contained in the protective order an unconstitutional infringement on Quiroz's right to travel?

¶ Quiroz contends that the 1500-foot separation requirement contained in the protective order unconstitutionally infringes on his right to travel and, as a result, that his conviction for violating the protective order must be reversed. We have often stated, however, the well established principle that courts should avoid constitutional issues whenever possible. *See, e.g.,* State v. Still (1995), 273 Mont. 261, 263, 902 P.2d

546, 548 (citations omitted). That principle applies here and we decline to address Quiroz's constitutional challenge to the 1500-foot separation requirement.

¶ Section 45-5-626(1), MCA, provides that a person commits an offense when he or she violates "a provision" of an order of protection. The sentence for a first conviction of the offense of violating an order of protection is a fine not to exceed $500 or imprisonment in the county jail for a term not to exceed 6 months, or both. Section 45-5-626(3), MCA.

¶ As discussed above, the jury found that Quiroz had violated the protective order in two ways, the first relating to the protective order's "harass or annoy" provision and the second relating to the 1500-foot separation requirement provision. The District Court sentenced Quiroz to pay a $500 fine, with $100 suspended for a period of 6 months, and to serve 180 days in the Powder River County Jail, with all of the time suspended except for time already served.

¶ We concluded above that Quiroz's conviction for violating the harass or annoy provision of the protective order is valid. The District Court's sentencing order clarified that Quiroz had only been found guilty of one offense, the misdemeanor offense of violation of an order of protection set forth in § 45-5-626(1), MCA, and, indeed, the court's sentence was well within that provided by law for a first conviction for the commission of that offense. *See* § 45-5-626(3), MCA. On these facts and this record, the District Court's sentence and judgment are affirmable and the case resolvable without consideration of the purported infringement on Quiroz's constitutional right to travel. Therefore, we need not address--and expressly decline to address--that issue here.

¶ Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

No

/S/ W. WILLIAM LEAPHART