JUSTICE LEAPHART,
concurring:
¶39 I specially concur in the in the Court’s resolution of the issue presented.
¶40 The Court states the issue on appeal as follows: Whether the District Court correctly concluded that the parties’ buy-sell agreement was unenforceable on the grounds of impossibility or impracticality and correctly refused to order specific performance? This Court, relying *521 on the doctrine of impossibility of performance, Restatement (Second) of Contracts (1981), affirms the District Court’s assessment that the drilling of a well would expose not only Cape-France but the public to potential health risks and possible environmental degradation. The Court, however, then goes on to further conclude that requiring Cape-France to go forward with performance (drilling of a well) where there is a very real possibility of substantial environmental degradation would violate the guarantees and mandates of Montana’s Constitution, Article II, Section 3, and Article IX, Section 1.
¶41 This Court recognizes the long-standing principle that courts should avoid constitutional issues wherever possible. State v. Carlson, 2000 MT 320, ¶ 17, 302 Mont. 508, ¶ 17, 15 P.3d 893, ¶ 17; S.L.H. v. State Compensation Mutual Ins. Fund, 2000 MT 362, ¶ 14, 303 Mont. 364, ¶ 14, 15 P.3d 948, ¶ 14; and Wolfe v. State Dept. of Labor Ind. (1992), 255 Mont. 336, 339, 843 P.2d 338, 340. Having resolved the issue presented under the impossibility of performance doctrine, I would not address the constitutional issues.