JUSTICE WARNER
concurs.
¶52 I concur.
¶53 The Court’s opinion today answers the statutory question: is it, as a matter of law, against the public policy of Montana for a physician to assist a mentally competent, terminally ill person to end their life? The answer provided is: “No, it is not, as a matter of law.”
¶54 This Court correctly avoided the constitutional issue Baxter desires to present. No question brought before this Court is of greater delicacy than one that involves the power of the legislature to act. If it becomes indispensably necessary to the case to answer such a question, this Court must meet and decide it; but it is not the habit of the courts to decide questions of a constitutional nature unless absolutely necessary to a decision of the case. See e.g. Ex parte Randolph, 20 F. Cas. 242, 254 (C.C.Va. 1833) (Marshall, Circuit Justice); Burton v. United States, 196 U.S. 283, 295, 25 S. Ct. 243, 245 (1905); State v. Kolb, 2009 MT 9, ¶ 13, 349 Mont. 10, 200 P.3d 504; Common Cause of Montana v. Statutory Committee to Nominate *252 Candidates for Commr. of Political Practices, 263 Mont. 324, 329, 868 P.2d 604, 607 (1994); Wolfe v. State, Dept. of Labor and Industry, Board of Personnel Appeals, 255 Mont. 336, 339, 843 P.2d 338, 340 (1992).
¶55 This Court has done its job and held that pursuant to § 45-2-211, MCA, a physician who assists a suicide, and who happens to be charged with a crime for doing so, may assert the defense of consent. I join the opinion, and not the thoughtful and thought provoking dissent, because the Legislature has not plainly stated that assisting a suicide is against public policy. This Court must not add such a provision by judicial fiat. Section 1-2-101, MCA.
¶56 The logic of the Court’s opinion is not necessarily limited to physicians. In my view, the citizens of Montana have the right to have their legislature step up to the plate and squarely face the question presented by this case, do their job, and decide just what is the policy of Montana on this issue.
¶57 As for the constitutional analysis requested by Baxter, I have found many times in my judicial career that Viscount Falkland is correct: when it is not necessary to make a decision, it is necessary to not make a decision. A question of constitutional law should not be anticipated in advance of the necessity of deciding it. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 346-47, 56 S. Ct. 466, 483 (1936) (Brandeis, J., concurring) (quoting Liverpool, N.Y. & Phila. Steamship Co. v. Emigration Commissioners, 113 U.S. 33, 39, 5 S. Ct. 352, 355 (1885)).