No. 01-733

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 198

IN RE THE MARRIAGE OF
RAYMOND JOSEPH McMAHON,

       Petitioner, Respondent, and Cross-Appellant,

  and

GWEN ELIZABETH McMAHON

       Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                     In and for the County of Yellowstone,
                     The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Gwen Elizabeth Gardner, f/k/a Gwen Elizabeth McMahon, Billings, Montana
              (*pro se*)

       For Respondent:

              Mark D. Parker, Casey Heitz, Parker Law Firm, Billings, Montana

Submitted on Briefs: March 28, 2002

Decided: September 5, 2002

Filed:

_____

Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Appellant Gwen Elizabeth McMahon, appearing pro se, appeals from the findings of fact, conclusions of law, and decree of dissolution entered by the Thirteenth Judicial District Court, Yellowstone County. We affirm.

¶2 Gwen purports to raise three issues for our review. However, we will not restate the issues presented because the determinative issue in this case is whether we should dismiss Gwen's appeal for failure to comply with the Montana Rules of Appellate Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Gwen and Respondent Raymond Joseph McMahon (R.J.) were married in Hawaii on June 12, 1991. Prior to the marriage, Gwen gave birth to three daughters, none of which were fathered by R.J. The District Court found that Gwen brought little to the marriage as compared to R.J.'s substantial premarital assets. During the marriage, Gwen assisted R.J in the operation and management of his liquor and gaming establishment located in Billings, Montana. R.J. provided significant financial support to Gwen's children during the course of the parties' marriage. The parties received no financial contribution from the children's natural father.

¶4 On November 16, 2000, R.J. filed a petition to dissolve his marriage to Gwen. The case proceeded to a non-jury trial on July 12, 2001. Both parties were represented by counsel at trial. Following a one-day trial, the District Court entered its findings of fact, conclusions of law, and decree of dissolution. The

District Court itemized the premarital and marital assets and valued each asset accordingly. Pursuant to the District Court's property distribution, Gwen received the parties' 1999 Jaguar, a certificate of deposit worth $20,000, a cash bond worth $10,000, some personal property, and a cash award of approximately $246,000. On August 29, 2001, Gwen, appearing pro se, filed a notice of appeal "from the District Court's Findings of Fact, Conclusions of Law and Decree dated July 30, 2001." On September 4, 2001, R.J. filed a notice of cross-appeal but has since dismissed the same.

## DISCUSSION

¶5 Gwen ostensibly submits three issues for our review which are difficult to comprehend and presented in contravention of the prescribed rules of appellate procedure. Gwen's brief alludes to libelous conduct, unscrupulous activity regarding trial court documents, false testimony, judicial bias, and erroneous calculation of marital assets. However, Gwen has failed to include citations to legal authority in support of her allegations and, instead, relies significantly on matters outside of the District Court record.

¶6 Rule 23(a)(4), M.R.App.P., requires that an appellant present a concise, cohesive argument which "contain[s] the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." As stated above, Gwen's brief contains general contentions of impropriety but no citations to the record or supporting legal authority. This Court has repeatedly held that

3

we will not consider unsupported issues or arguments. *In re Custody of Krause*, 2001 MT 37, ¶ 32, 304 Mont. 202, ¶ 32, 19 P.3d 811, ¶ 32. Similarly, this Court is under no obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal. *In re B.P.*, 2001 MT 219, ¶ 41, 306 Mont. 430, ¶ 41, 35 P.3d 291, ¶ 41. Failure to comply with Rule 23(a)(4), M.R.App.P., is fatal to an appeal. *State v. Blackcrow*, 1999 MT 44, ¶ 33, 293 Mont. 374, ¶ 33, 975 P.2d 1253, ¶ 33. While dismissal is a harsh result, it is nonetheless necessary when the utter failure to comply with the rules of appellate procedure results in an appellate filing that can neither be comprehended by this Court or realistically responded to by the opposing party. *See City of Whitefish v. Hansen* (1989), 237 Mont. 105, 771 P.2d 976.

¶7   In the past, we have demonstrated that we are willing to make accommodations for pro se parties by relaxing those technical requirements which do not impact fundamental bases for appeal. However, a district court's decision is presumed correct and it is the appellant who bears the burden of establishing error by that court. *Matter of M.J.W.*, 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18. Gwen simply has not met her burden in this regard. Accordingly, we hereby dismiss Gwen's appeal for failing to comply with the Montana Rules of Appellate Procedure and affirm the decision of the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON