No. 04-002

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 48

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

SHANE CLARK JOHNSON,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Twelfth Judicial District,
In and for the County of Hill, Cause No. DC 2003-032
The Honorable John C. McKeon, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Jeremy S. Yellin, Attorney at Law, Havre, Montana

      For Respondent:

          Honorable Mike McGrath, Montana Attorney General, C. Mark Fowler,
Assistant Attorney General, Helena, Montana; Cyndee Peterson, Hill County
Attorney, Havre, Montana


Submitted on Briefs:  September 9, 2004

Decided:  March 1, 2005


Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Shane Clark Johnson pled guilty to three felony charges pursuant to a plea agreement with the State. The Twelfth Judicial District Court, Hill County, sentenced Johnson to the Department of Corrections for eight years, with five years suspended. Among other conditions of release to probation or parole, Johnson was ordered to submit to DNA testing. He appeals the DNA testing requirement. We affirm.

## ISSUE

¶2     We restate the issue as follows: Is the Right to Privacy as guaranteed by Article II, Section 10, of the Montana Constitution violated when an incarcerated person convicted of non-violent felony offenses is ordered to submit a DNA sample pursuant to § 44-6-103, MCA?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Johnson was charged with Burglary, Theft, Sexual Intercourse Without Consent, and Forgery by Common Scheme on May 7, 2003. On September 4, 2003, he entered into a plea agreement with the State in which he agreed to plead guilty to the Burglary, Theft, and Forgery by Common Scheme counts in exchange for a sentencing recommendation and the dismissal of the count of Sexual Intercourse Without Consent. The requirement to provide a DNA sample was not one of the provisions in the plea agreement.

¶4     On November 12, 2003, Johnson was sentenced to the Department of Corrections for eight years, with five years suspended. The District Court also required that as a condition of probation or parole, Johnson would be required to submit to DNA testing pursuant to

2

§ 44-6-103, MCA (2003).  Johnson appeals from this sentencing condition.

## STANDARD OF REVIEW

¶5     We review a District Court's sentence for legality only.  *State v. Eaton*, 2004 MT 283, ¶ 11, 323 Mont. 287, ¶ 11, 99 P.3d 661, ¶ 11 (citations omitted).

## DISCUSSION

¶6     Is the Right to Privacy as guaranteed by Article II, Section 10, of the Montana Constitution violated when an incarcerated person convicted of non-violent felony offenses is ordered to submit a DNA sample pursuant to § 44-6-103, MCA?

¶7     Johnson argues that it is unconstitutional to force someone convicted of and incarcerated for non-violent felony offenses to submit to DNA testing, as this violates his right to privacy as guaranteed by Article II, Section 10, of the Montana Constitution, as well as his right to be free from unreasonable searches and seizures, as guaranteed by Article II, Section 11, of the Montana Constitution, and the Fourth Amendment to the United States Constitution.  Although Johnson also argued that requiring him to submit to DNA testing would be in violation of § 46-18-202(1)(e), MCA, he conceded in his Reply that such argument was not properly preserved for appeal.  Thus, it will not be considered here.

¶8     The State responds that Johnson failed to adequately preserve his argument that the DNA testing requirement constituted an unconstitutional search and seizure, and that this Court should not consider this argument on appeal.  The State asserts that the sole relevant objection made by Johnson's counsel relative to the DNA test at his sentencing addressed privacy concerns, and not search and seizure.  Johnson replies that the analysis of a violation

3

against an individual's right to privacy implicates an argument against unreasonable searches and seizures, and that his right to privacy argument in his Brief to this Court was incorporated by reference into his search and seizure argument. He does not, however, refute the State's assertion that he did not object on the search and seizure grounds in the sentencing court. Thus, this argument is not properly before us.

¶9 On the issue of whether the DNA test would violate Johnson's right to privacy, Johnson maintains, without citation, that the legislative history of § 44-6-103, MCA, shows that the primary justifications for the statute are: investigation and prosecution of crimes; providing accurate prosecutions; and preventing recidivism. Relying on *State v. Siegal* (1997), 281 Mont. 250, 934 P.2d 176, and *State v. Martinez*, 2003 MT 65, 314 Mont. 434, 67 P.3d 207, he argues that these alleged justifications do not withstand scrutiny under Article II, Section 10, of the Montana Constitution.

¶10 The State responds that Johnson is a convicted felon and prisoner with little or no reasonable expectation of privacy, and both *Siegal* and *Martinez* are distinguishable, because both cases involved searches of private citizens, not incarcerated felons. The State notes that under § 44-6-103(1), MCA, a person convicted of a felony offense is required provide a biological sample for DNA testing, and that, pursuant to the definition found at § 44-6-101(7), MCA, a burglary is such a felony. Thus, the State concludes, Johnson's sentence falls within lawful parameters, and must be affirmed.

¶11 It is unclear to us whether Johnson intends his argument to be construed as a constitutional challenge to § 44-6-103, MCA. Assuming that he does, we cannot make such a determination on the basis of the abbreviated arguments before us. We review a district

4

court's sentence for legality only. *Eaton*, ¶ 11. Pursuant to § 44-6-103, MCA, a person convicted of a felony shall submit to DNA testing. Johnson was convicted of a crime which meets the definition of a "felony offense" pursuant to § 44-6-101(7), MCA. Thus, his sentence is not illegal, and we decline to disturb it.

## CONCLUSION

¶12 For the foregoing reasons, we affirm the District Court.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

5