No. 04-610

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 226N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

NOLAN D. IRONMAKER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. ADC 03-585-1C
The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Travis Cushman, Attorney at Law, Great Falls, Montana

        For Respondent:

        Hon. Mike McGrath, Montana Attorney General, Mark W. Mattioli,
Assistant Attorney General, Helena, Montana; Brant S. Light, Cascade
County Attorney, Marvin Anderson, Deputy County Attorney, Great Falls,
Montana

Submitted on Briefs:  August 10, 2005

Decided:  September 13, 2005

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Nolan Ironmaker appeals the condition of his sentence imposed by the District Court for the Eighth Judicial District, Cascade County, ordering him to contribute a DNA sample following his felony conviction for criminal possession of dangerous drugs. We affirm.

## BACKGROUND

¶3 In November 2003, Ironmaker was charged with felony possession of dangerous drugs in violation of § 45-9-102, MCA. Ironmaker agreed to plead guilty to felony possession of dangerous drugs in this case and to felony burglary and misdemeanor theft in another case. At his sentencing hearing on the possession charge, Ironmaker's counsel objected to the sentencing requirement that Ironmaker submit to DNA testing on the grounds that it is a violation of Ironmaker's right to privacy, that it is an unreasonable search and seizure and that it is not rationally related to the offense to which Ironmaker pled guilty. The court overruled counsel's objection and sentenced Ironmaker to a five-year suspended sentence for the charge of felony possession of dangerous drugs. Included as one of the terms and conditions of the court's July 27, 2004 Sentence is the condition that "[d]efendant shall submit to DNA testing." Ironmaker appeals this portion of his sentence.

2

**DISCUSSION**

¶4     We review a District Court's sentence for legality only. *State v. Johnson*, 2005 MT 48, ¶ 5, 326 Mont. 161, ¶ 5, 108 P.3d 485, ¶ 5 (citing *State v. Eaton*, 2004 MT 283, ¶ 11, 323 Mont. 287, ¶ 11, 99 P.3d 661, ¶ 11).  In *Johnson*, we noted that a person convicted of a felony shall submit to DNA testing pursuant to § 44-6-103, MCA.  As in *Johnson*, Ironmaker was convicted of a crime which meets the definition of a "felony offense" pursuant to § 44-6-101(7), MCA.  We do not reach the constitutional issues purportedly raised by Ironmaker for the same reason we declined to reach those in *Johnson--i.e.*, the lack of adequate briefing. *Johnson*, ¶ 11.

¶5     Accordingly, we hold that Ironmaker's sentence is not illegal and we decline to disturb it.  Because we affirm on this basis we decline to address the State's argument regarding *State v. Lenihan* (1979), 184 Mont. 338, 602 P.2d 997.

¶6     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

3