No. 05-150

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 251N

IN THE MATTER OF

JULIA J. VERMANDEL TRUST.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
                 In and for the County of Yellowstone, Cause No. DV 04-0167
                 The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Irene S. Atraqchi, *pro se*, Washington, D.C.

        For Respondent:

        Duncan A. Peete, Michele L. Jensen, Moulton, Bellingham, Longo &
        Mather, P.C., Billings, Montana

                        Submitted on Briefs:  September 13, 2005

                                   Decided:  October 18, 2005

Filed:

        _____
                           Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Irene S. Atraqchi (Irene), acting *pro se,* appeals an Order of the District Court for the Thirteenth Judicial District, Yellowstone County, approving the accounting for the Julia J. Vermandel Trust (the Trust) and authorizing a final distribution of the Trust's assets. We affirm.

## BACKGROUND

¶3 On June 24, 1993, Julia J. Vermandel (Julia) executed an Irrevocable Trust Agreement establishing the Trust and naming her daughter, Genevieve J. Dilley (Genevieve), as Trustee of the Trust. During her lifetime, Julia transferred substantially all of her assets to the Trust including real property situated in Yellowstone County and mineral interests situated in Richland County. The Trust provided that Julia, as Trustor of the Trust, may direct the distribution of the Trust's principal among her issue in such manner as she may designate in her will. Julia executed her Last Will and Testament on November 14, 1997, wherein she specifically directed the distribution of certain assets of the Trust among her three living daughters, Genevieve, Irene and Virginia George, and her grandson, Kevin Carter.

2

¶4     Julia passed away on September 30, 2000, and Genevieve, as Trustee of the Trust, paid all of Julia's outstanding expenses and the expenses incurred in administering the Trust. Genevieve also hired a land surveyor to survey the real property in Yellowstone County and divide the property into four separate tracts of land in accordance with Julia's will. Genevieve subsequently transferred these four tracts of land to the four beneficiaries of the Trust along with the mineral rights and interests appurtenant to each tract of land. She also transferred the mineral interests in Richland County to the four beneficiaries along with a portion of the cash assets of the Trust. In accordance with Julia's Last Will and Testament, Irene's share of the cash assets of the Trust was reduced by the amount of attorney's fees that she owed Julia in connection with a lawsuit involving the reopening of the Estate of Alphonse J. DeNeve, of which Julia was the sole heir. Irene's share of the cash assets of the Trust was also reduced by order of the District Court allowing for the recovery of attorney's fees and costs that the Trust incurred in defending a lawsuit Irene unsuccessfully brought against the Trust.

¶5     On December 28, 2004, Genevieve filed in the District Court a "Verified Petition for Approval of Trust Accounting and Distribution of Trust Assets, Authorization of Final Distribution of Trust Assets, and Discharge of Trustee." Irene filed her opposition to the verified petition on January 12, 2005, wherein she stated that she could not appear at the hearing in this matter "for fear of her life and for fear of being incarcerated on false affidavits accusing her of crimes she didn't commit or understand . . . ." On January 25, 2005, the

3

District Court granted Genevieve's verified petition and discharged her from any further duties and responsibilities as Trustee of the Trust. Irene appealed.

## DISCUSSION

¶6 Irene claims on appeal that she has been deprived of her real estate property and her inheritance of her mother's estate by fraud, deceit, and wiretapping conspiracy, and that the District Court erred in granting the trustee's petition when Irene's constitutional rights have been violated by the court's "refusal to hear all controversies arrising [sic] from same cause of action in one forum." In making these allegations, Irene fails to put forth any evidence that Genevieve, as Trustee, acted improperly, that her accounting of the Trust was in error, or that the Trust assets should not be distributed.

¶7 Rule 23(a)(4), M.R.App.P., requires that an appellant present a concise, cohesive argument which "contain[s] the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." Irene's brief contains general contentions of impropriety along with a number of unfounded and incredulous assertions regarding homosexuality, prostitution and wiretapping. We have repeatedly held that we will not consider unsupported issues or arguments. *In re Marriage of McMahon*, 2002 MT 198, ¶ 6, 311 Mont. 175, ¶ 6, 53 P.3d 1266, ¶ 6 (citing *In re Custody of Krause*, 2001 MT 37, ¶ 32, 304 Mont. 202, ¶ 32, 19 P.3d 811, ¶ 32). Similarly, we are under no obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal. *McMahon*, ¶ 6 (citing *In re B.P.*, 2001 MT 219, ¶ 41, 306 Mont. 430, ¶ 41, 35 P.3d 291, ¶ 41). Failure to comply with

4

Rule 23(a)(4), M.R.App.P., is fatal to an appeal. *McMahon*, ¶ 6 (citing *State v. Blackcrow*, 1999 MT 44, ¶ 33, 293 Mont. 374, ¶ 33, 975 P.2d 1253, ¶ 33).

¶8 We have demonstrated in the past that we are willing to make accommodations for *pro se* parties by relaxing those technical requirements which do not impact fundamental bases for appeal. However, a district court's decision is presumed correct and it is the appellant who bears the burden of establishing error by that court. *McMahon*, ¶ 7 (citing *Matter of M.J.W.*, 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18). Irene has failed to meet that burden, therefore, we affirm the District Court's decision to grant the verified petition.

¶9 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE