No. 05-007

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 262N

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

JOSEPH RAMMING,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. DDC 2004-235-1
The Honorable Dirk M. Sandefur, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Lawrence Lafountain, Attorney at Law, Great Falls, Montana

       For Respondent:

           Hon. Mike McGrath, Montana Attorney General, C. Mark Fowler, Assistant Attorney General, Helena, Montana; Brant S. Light, Cascade County Attorney, Mary Ann Ries, Deputy County Attorney, Great Falls, Montana

Submitted on Briefs:  October 12, 2005

Decided:  October 25, 2005

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Joseph Ramming (Ramming) appeals the condition of his sentence imposed by the District Court for the Eighth Judicial District, Cascade County, ordering him to contribute a DNA sample on his conviction of Burglary, a felony, and Theft, a felony. We affirm.

## BACKGROUND

¶3     On June 17, 2004, Ramming was charged with Burglary, a felony, in violation of § 45-6-204, MCA (2003), and Theft, a felony, in violation of § 45-6-301, MCA (2003). Ramming agreed to plead guilty to both offenses. He entered into a written plea agreement and an Acknowledgment of Waiver of Rights by Plea of Guilty on August 13, 2004.

¶4     Ramming appeared for sentencing on December 2, 2004. One of the conditions of the court's sentence was that Ramming would submit to DNA testing as required by Title 44, Chapter 6, Part 1, MCA. Ramming's counsel objected to this sentencing requirement stating his belief that the requirement was an unreasonable search and seizure; was violative of Ramming's federal and state constitutional rights; and was not rationally related to the offenses to which Ramming had pled guilty. The court denied counsel's objection and deferred sentencing Ramming for a term of six years on each count on various terms,

2

conditions and provisions set forth in the sentencing order. Ramming appeals that portion of the sentencing order requiring him to provide a DNA sample pursuant to Title 44, Chapter 6, Part 1, MCA.

## DISCUSSION

¶5 We have determined to decide this case with a memorandum opinion pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, and affirm the District Court for the reasons stated below.

¶6 We review a district court's sentence for legality only. *State v. Johnson*, 2005 MT 48, ¶ 5, 326 Mont. 161, ¶ 5, 108 P.3d 485, ¶ 5 (*citing State v. Eaton*, 2004 MT 283, ¶ 11, 323 Mont. 287, ¶ 11, 99 P.3d 661, ¶ 11). In *Johnson*, we noted that a person convicted of a felony shall submit to DNA testing pursuant to § 44-6-103, MCA. As in *Johnson*, Ramming was convicted of crimes each of which meets the definition of a "felony offense" pursuant to § 44-6-101(7), MCA. We do not reach the constitutional issues purportedly raised by Ramming for the same reason we declined to reach those in *Johnson*--i.e., for lack of adequate briefing. *Johnson*, ¶ 11.

## CONCLUSION

¶7 Accordingly, we hold that Ramming's sentence is not illegal and we decline to disturb it.

¶8 Affirmed.

/S/ JAMES C. NELSON

3

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART