No. 05-165

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 225N

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

MATTHEW OLSON,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. BDC 04-221-2
The Honorable Julie Macek, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Carl B. Jensen, Jr., Attorney at Law, Great Falls, Montana

    For Respondent:

        Hon. Mike McGrath, Attorney General; John Paulson, Assistant Attorney
General, Helena, Montana

        Brant Light, County Attorney, Great Falls, Montana

_____

Submitted on Briefs:  November 22, 2005

Decided:  September 8, 2006

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Matthew Curtis Olson (Olson) appeals from the imposition of a sentencing requirement that he register as a violent offender. We affirm.

¶3 Law enforcement officers arrested Olson on May 15, 2004. This arrest followed a tip that he and two other people made suspicious cold medicine purchases the previous three days. The State charged Olson by Information with multiple counts, including operation of an unlawful clandestine laboratory in violation of § 45-9-132, MCA.

¶4 Olson entered a plea agreement with the State wherein he agreed to plead guilty to the charge of operation of an unlawful clandestine laboratory. The State agreed to recommend a ten-year commitment to the Department of Corrections with five years suspended, and to dismiss the remaining two counts.

¶5 The District Court imposed the sentence recommended by the State pursuant to the plea agreement. The District Court's judgment required that Olson, in part, "register as a Violent Offender in compliance with Title 44, Chapter 23, Part 5 M.C.A. and give appropriate notice of any address change." Olson appeals the requirement that he register as a violent offender.

¶6 This Court reviews a District Court's sentence for legality only. *State v. Johnson*, 2005 MT 48, ¶ 5, 326 Mont. 161, ¶ 5, 108 P.3d 485, ¶ 5; *State v. Eaton*, 2004 MT 283, ¶

2

11, 323 Mont. 287, ¶ 11, 99 P.3d 661, ¶ 11.

¶7    Olson urges this Court to excuse his failure to object to the registration requirement during sentencing pursuant to either *State v. Lenihan* (1979), 184 Mont. 338, 602 P.2d 997 or *State v. Finley* (1996), 276 Mont. 126, 915 P.2d 208, *abrogated in part on other grounds by State v. Gallagher*, 2001 MT 39, & 21, 304 Mont. 215, & 21, 19 P.3d 817, & 21.  He then presents three arguments against imposition of the registration requirement.  First he argues that this requirement has no correlation or connection to the underlying offense as required by *State v. Ommundson*, 1999 MT 16, 293 Mont. 133, 974 P.2d 620.  Next he argues that the registration requirement violates his right to due process, violates fundamental fairness, and is an unjust punishment.  He concludes by arguing that the registration requirement violates his right to equal protection under both the Fourteenth Amendment of the United States Constitution and Article II, Section 4 of the Montana Constitution.

¶8    We need not determine whether Olson's failure to object to the registration requirement is excused by either *Lenihan* or *Finley*.

¶9    Regarding his first argument, the provision of a sentence that was found illegal in *Ommundson* was a discretionary condition placed on a probationary sentence. *Ommundson*, ¶ 3.  On the other hand, the registration requirement in this case is a part of the sentence required by law pursuant to § 46-23-504, MCA.  The sentencing judge lacked the discretion to omit the registration requirement pursuant to § 46-18-201(7), MCA.  *Ommundson* is inapposite.

¶10 Olson provides neither sufficient argument nor supporting authority for his constitutional arguments that the registration requirement violates his right to due process, violates fundamental fairness, and is an unjust punishment. We therefore decline to consider these arguments. *Johnson*, ¶ 11; M. R. App. P. 23(a)(4); *State v. Hicks*, 2006 MT 71, ¶ 22, 331 Mont. 471, ¶ 22, 133 P.3d 206, ¶ 22.

¶11 Olson's equal protection argument is without merit. He suggests that those persons convicted of non-predatory felonies are a class. He then argues that those convicted of operating a clandestine laboratory are members of this class that are treated differently because they are required to register as violent offenders. He provides no supporting authority for this position. This Court has previously held that "individuals convicted of different offenses are not similarly situated for purposes of equal protection." *State v. Davison*, 2003 MT 64, ¶ 15, 314 Mont. 427, ¶ 15, 67 P.3d 203, ¶ 15. Olson has not been denied equal protection of the law.

¶12 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ BRIAN MORRIS

Justice James C. Nelson specially concurs.

¶13 I agree with the result the Court reaches in this case, but not with its reasoning.

4

¶14 Generally, this Court will not consider an issue to which a timely objection was not made in the lower court. *See* §§ 46-20-104(2) and -701(2), MCA. However, we have recognized exceptions to this rule in *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979) (permitting challenges to sentences that are alleged to be illegal or beyond statutory mandates, even if no objection was made at the time of sentencing), and *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996) (stating that we may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no objection was made in the lower court, where failing to do so may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process), *overruled in part on other grounds by State v. Gallagher*, 2001 MT 39, ¶ 21, 304 Mont. 215, ¶ 21, 19 P.3d 817, ¶ 21. Where the prerequisites for invoking the *Lenihan* exception or plain error review under *Finley* are satisfied, we will proceed to the merits of the defendant's claim.

¶15 In the case at hand, the Court states that we need not determine whether Olson's failure to object to the registration requirement is excused by either *Lenihan* or *Finley* because his sentencing challenges, apparently, are without merit. I disagree with this approach. In my view, we should not be reaching the merits of Olson's sentencing challenges.

¶16 It is not logical to state on the one hand that we will not reach the merits of a sentencing claim to which no objection was raised in the lower court unless *Lenihan* or *Finley* apply, but then to state on the other hand that we need not determine whether *Lenihan* or *Finley* apply because we went ahead and considered the merits of the

unpreserved claim anyway and determined that it is without merit. Such reasoning puts the proverbial cart before the horse. Contrary to the Court's approach, we must determine whether Olson's failure to object is excused by *Lenihan* or *Finley before* considering the merits of his claim.

¶17 In this regard, I note that in order to obtain review of an otherwise procedurally barred sentencing claim by way of *Lenihan* or *Finley*, a defendant must conform to our rules and precedents requiring proper argument and citation. *See* M. R. App. P. 23(a)(4); *In re Marriage of McMahon*, 2002 MT 198, ¶ 6, 311 Mont. 175, ¶ 6, 53 P.3d 1266, ¶ 6 ("[W]e will not consider unsupported issues or arguments. Similarly, this Court is under no obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal." (internal citation omitted)). This requirement is independent of the respective prerequisites for invoking *Lenihan* and *Finley*. For instance, an otherwise valid allegation that the lower court lacked authority to impose the challenged sentence is insufficient to invoke the *Lenihan* exception if it rests on an incoherent analysis or lacks supporting authority. Such is the case here with Olson's sentencing challenges.

¶18 In his first argument, Olson contests the requirement that he register as a violent offender on the ground that this registration requirement does not have a correlation or connection to the offense of operation of an unlawful clandestine laboratory. However, he cites no relevant authority for the underlying proposition that the registration requirement has to have such a correlation or connection. Granted, he directs our attention to *State v. Ommundson*, 1999 MT 16, 293 Mont. 133, 974 P.2d 620; yet, as the Court observes, *Ommundson* is entirely inapposite, given that we were interpreting a

statutory provision that authorized sentencing restrictions or conditions "reasonably related to the objectives of rehabilitation and the protection of the victim and society," *Ommundson*, ¶ 11 (internal quotation marks omitted), whereas here the sentencing restriction is both specific and mandatory. In particular, § 46-18-201(7), MCA, mandates that in imposing a sentence on an offender convicted of a violent offense—as was Olson, *see* § 46-23-502(9)(a), MCA (listing § 45-9-132 as a "[v]iolent offense")—"the sentencing judge *may not waive* the registration requirement provided in Title 46, chapter 23, part 5" (emphasis added). On its face, this statutory language contains no limitation on its application to only those offenses which have a correlation or connection to the registration requirement, and Olson cites no pertinent authority for such a limitation.

¶19    Likewise, Olson has provided insufficient argument and supporting authority for his constitutional arguments that the registration requirement violates due process, fundamental fairness, and equal protection and is an unjust punishment. *Cf. State v. Johnson*, 2005 MT 48, ¶ 11, 326 Mont. 161, ¶ 11, 108 P.3d 485, ¶ 11 ("It is unclear to us whether Johnson intends his argument to be construed as a constitutional challenge to § 44-6-103, MCA. Assuming that he does, we cannot make such a determination on the basis of the abbreviated arguments before us.").

¶20    Accordingly, I conclude that Olson did not articulate persuasive and properly supported arguments on appeal which would demonstrate that his challenges to the registration requirement may be reviewed under the *Lenihan* exception or the plain error doctrine as explained in *Finley*.

/S/ JAMES C. NELSON

7