DA 06-0512

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 150N

IN RE THE MARRIAGE OF:
EARL RAY ERICKSON,

      Petitioner and Appellant,

  and

JENNIFER JANE ERICKSON,

      Respondent and Respondent.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                     In and For the County of Flathead, Cause No. DR-02-131(A)
                     Honorable Ted O. Lympus, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

            Earl Ray Erickson, pro se, Kalispell, Montana

        For Respondent:

            Peter F. Carroll, Attorney at Law, Kalispell, Montana


                        Submitted on Briefs:  May 31, 2007

                                Decided:  June 19, 2007

Filed:

                    _____
                                Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2 Earl Erickson, appearing pro se, appeals from the findings of fact, conclusions of law, and decree of dissolution entered by the District Court. We dismiss the appeal.

¶3 Earl, instead of raising certain issues presented, purports to respond to specific aspects of the decree of dissolution with which he disagrees. However, we need not decipher the individual issues presented because the determinative issue in this case is whether we should dismiss Earl's appeal for failure to comply with the Montana Rules of Appellate Procedure. *See In re Marriage of McMahon*, 2002 MT 198, ¶ 2, 311 Mont. 175, ¶ 2, 53 P.3d 1266, ¶ 2.

¶4 Therefore, we limit our review to the following issues:

¶5 I. Has Earl properly appealed the District Court's order?

¶6 II. Should Jennifer be awarded her attorney fees incurred on appeal?

## BACKGROUND

¶7 Earl and Jennifer Erickson were married on December 13, 1997. At the time, Earl was thirty-nine and Jennifer was eighteen. They had one child together, Arthur, born October 23, 1998.

¶8 In October of 2001, Earl and Jennifer separated and Jennifer moved into a different house. During their separation, Jennifer began dating Tracy Lost-Bear and became pregnant with his child. In March of 2002, Earl filed a petition for dissolution of his marriage to Jennifer and approval of a parenting plan. Earl also requested referral of the matter to Family Court Services.

¶9 On February 7 and 8, 2005, a non-jury trial was held during which Jennifer was represented by counsel and Earl represented himself. Several people testified, including both parties, and several exhibits were admitted. Unfortunately, this Court must proceed without the benefit of a transcript of the trial, as Earl failed to submit a copy on appeal. There were also several hearings during the approximately four years between the filing of Earl's petition for dissolution and the court's final dissolution decree, though we are likewise without the benefit of a transcript of these hearings.

¶10 On August 9, 2006, the District Court issued its amended findings of fact, conclusions of law, and decree of dissolution. The court found that Earl has been the subject of two temporary orders of protection, has provided only sporadic support for either Jennifer or Arthur, and has been severely delinquent in paying child support. The court calculated an imputed income of $40,800 for Earl and $7,890 for Jennifer, while recognizing that these figures will likely change once Jennifer has completed her education. The court concluded that Earl owed a total of $10,165 in past due child support payments. Additionally, the property where the parties lived while married, and where Earl still lives, is to be sold and the proceeds divided between Earl and Jennifer, with the child support payment being first paid from Earl's portion. The court granted

3

Jennifer sole discretion to sell the real property, including the right to execute any agreements for the sale. Further, the court required that Earl pay Jennifer's costs and attorney fees incurred during the dissolution. Finally, the court adopted Jennifer's proposed parenting plan.

¶11 Earl, appearing pro se, filed a timely notice of appeal.

## DISCUSSION

¶12 **I. Has Earl properly appealed the District Court's order?**

¶13 Earl argues in his brief on appeal that the parenting plan is flawed and biased for numerous reasons, most importantly that it is not in the best interests of Arthur. Earl also contends that the court failed to consider the opinion of his expert, failed to consider the "summary" he prepared of his past income, drastically overvalued his ability to pay child support, and incorrectly apportioned the marital debt. Further, Earl argues that the required sale of property is unfair and not in the best interests of Arthur. Earl objects to paying Jennifer's attorney fees because, according to Earl, "her adultery" violated their initial year of separation agreement and Jennifer failed to abide by the January 2003 settlement agreement. Finally, Earl claims that the court itself along with Family Court Services violated his constitutional parental rights.

¶14 Jennifer responds that Earl's appeal should be dismissed for several reasons. First, Earl failed to provide this Court with a full record on appeal in violation of M. R. App. P. 9. In particular, Earl failed to submit transcripts of any of the proceedings below. Second, Earl failed to cite to the record in his brief, in violation of M. R. App. P. 23(a)(3) and (4). Additionally, Earl failed to properly support his arguments with legal authority.

4

Finally, Jennifer contends that Earl failed to raise his constitutional claims below. We agree with Jennifer's contentions, and will add one more: Earl failed to properly set forth the issues presented for review, in violation of M. R. App. P. 23(a)(2).

¶15 It is the duty of a party seeking review of a judgment, order or proceeding to present this Court with a record, including transcripts if necessary, sufficient to enable it to rule upon the issues raised. Failure to present this Court with a sufficient record on appeal may result in dismissal of the appeal. M. R. App. P. 9(a). Earl repeatedly references matters determined at trial or in the many hearings and yet failed to submit any transcripts.

¶16 An appellant is also required to present an argument that "contain[s] the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." M. R. App. P. 23(a)(4). Here, the majority of Earl's proffered facts and arguments fail to cite specifically to legal authority or the record. This Court has repeatedly held that we will not consider unsupported issues or arguments. Similarly we are under no obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal. *Marriage of McMahon*, ¶ 6 (citations omitted). As part of the duty to properly formulate an argument, an appellant must present the issues he is appealing. Earl's brief lacks a statement of the issues presented for review. M. R. App. P. 23(a)(2).

¶17 Finally, we have made it clear that a party's theory may not change on appeal, because it is fundamentally unfair to fault a district court for failing to rule correctly on an issue it did not have the opportunity to consider. *State v. Johnson*, 2005 MT 318, ¶ 13,

329 Mont. 497, ¶ 13, 125 P.3d 1096, ¶ 13 (citations omitted). Earl's general constitutional arguments concerning his rights as a parent and the bias of the District Court and Family Court Services were not raised below. Further, as noted by Jennifer, it was Earl that invoked the power of the court by filing the petition for dissolution and Earl that requested the assistance of Family Court Services.

¶18 While dismissal is a harsh result, it is nonetheless necessary when the failure to comply with the rules of appellate procedure results in an appellate filing that can neither be comprehended by this Court or realistically responded to by the opposing party. *See Marriage of McMahon*, ¶ 6 (citations omitted). Here, while Earl's brief is clearly written, his lack of proper form makes it difficult to determine the specific errors he seeks to appeal. Also, he fails to support most of his contentions with citation to the record, transcripts or legal authority. We refuse to accept any party's version of events, pro se or seasoned attorney, unless cited to the applicable section of the record.

¶19 In general, we are willing to make accommodations for pro se parties by relaxing those technical requirements that do not impact fundamental bases for appeal. However, a district court's decision is presumed correct, and it is the appellant who bears the burden of establishing error by that court. *Marriage of McMahon*, ¶ 7 (citations omitted). Earl has not met his burden in this regard.

¶20 **II. Should Jennifer be awarded her attorney fees incurred on appeal?**

¶21 Jennifer requests, in her conclusion, that we consider awarding her attorney fees for defending this appeal. This Court may award attorney fees incurred in defending an appeal under § 40-4-110, MCA, by considering the financial resources of both parties.

6

*See In re Marriage of Bee*, 2002 MT 49, ¶ 49, 309 Mont. 34, ¶ 49, 43 P.3d 903, ¶ 49. Almost a full year has passed since the District Court received evidence and reached its findings and conclusions regarding the imputation of income to Earl and Jennifer. It is probable that the financial status of the parties has changed since that time. Also, Jennifer makes no argument that attorney fees should be awarded as sanction for a frivolous appeal. As such, we decline to award Jennifer her attorney fees for this appeal.

### CONCLUSION

¶22 We dismiss Earl's appeal for failing to comply with the Montana Rules of Appellate Procedure.


/S/ W. WILLIAM LEAPHART


We concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS