JUSTICE NELSON,
specially concurring.
¶35 I concur in the Court’s conclusion under Issue 2 that Schneider has not established a plausible equal protection claim. As to Issue 1, however, I would dispose of Schneider’s right to counsel claim based on an application of Texas v. Cobb, 532 U.S. 162, 121 S. Ct. 1335 (2001), *228 to facts of this case. I would affirm on that basis and go no further into the right to counsel issue.
¶36 Specifically, I would not address the applicability of Article II, Section 24. For one thing, even if we were to accept Schneider’s proposed “closely factually related” test for purposes of analysis under Article II, Section 24, it is quite a stretch to conclude, as Schneider asserts, that the charge of fugitive from justice filed by Arizona authorities is “closely factually related” to the investigation by Montana authorities into Schneider’s role in the deaths of Cowan’s mother and boyfriend in Montana. It is unnecessary for us to consider whether or not to adopt a test proposed by the appellant for use under the Montana Constitution when the appellant has not even demonstrated that he is entitled to relief under that test if we were to adopt ifc-as is the case here. Accordingly, “based on the long-standing principle . . . that courts should avoid constitutional issues wherever possible,” State v. Carlson, 2000 MT 320, ¶ 17, 302 Mont. 508, ¶ 17, 15 P.3d 893, ¶ 17; accord Wolfe v. Dept. of Labor and Industry, 255 Mont. 336, 339, 843 P.2d 338, 340 (1992); State v. Still, 273 Mont. 261, 263, 902 P.2d 546, 548 (1995), I would not reach Schneider’s Article II, Section 24 theory.
¶37 Aside from the fact that it is unnecessary for us to interpret and apply Article II, Section 24 in this case-given Schneider’s inability to prevail under his proposed “closely factually related” test-Schneider’s argument in this connection is too undeveloped to undertake a distinctive application of state constitutional principles. He refers to Article II, Section 24 and Montana’s Constitution several times in his brief; however, he does not offer a cogent analysis of the right to counsel issue on independent state constitutional grounds. Likewise, as the Court correctly observes, the State “[u]nfortunately . . . offers little analysis regarding the possibility that the Montana constitutional right to counsel may not perfectly align with the federal constitutional right.” Opinion, ¶ 14. Indeed, the Gallatin County Attorney’s brief on appeal mentions Article II, Section 24 only twice, and in passing. There is not even a hint in the State’s brief of the analysis that the Court includes at ¶¶ 15-28 of the Opinion.
¶38 Our caselaw in this regard is well-settled. It is not this Court’s job to conduct legal research on a party’s behalf or to develop legal analysis that may lend support to the party’s position. See Johansen v. Dept. of Natural Resources and Conservation, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24; In re Marriage of McMahon, 2002 MT 198, ¶ 6, 311 Mont. 175, ¶ 6, 53 P.3d 1266, ¶ 6; State v. Zakovi, *229 2005 MT 91, ¶ 28, 326 Mont. 475, ¶ 28, 110 P.3d 469, ¶ 28; State v. Gomez, 2007 MT 111, ¶ 33, 337 Mont. 219, ¶ 33, 158 P.3d 442, ¶ 33; State v. Miller, 2008 MT 106, ¶ 15, 342 Mont. 355, ¶ 15, 181 P.3d 625, ¶ 15. Thus, in State v. Johnson, 2005 MT 48, 326 Mont. 161, 108 P.3d 485, we declined to address the defendant’s constitutional challenge because we could not “make such a determination on the basis of the abbreviated arguments before us." Johnson, ¶ 11. Likewise, in State v. Garrymore, 2006 MT 245, 334 Mont. 1, 145 P.3d 946, the defendant asserted-similarly to Schneider’s assertion here-that Article II, Sections 24 and 26 of the Montana Constitution afford a greater jury trial right than does the Sixth Amendment to the United States Constitution; yet, critically, he “fail[ed] to offer a compelling reason why the greater jury trial right in Montana dictate[d] a different result in his case.” Garrymore, ¶ 39. As a result, we found his argument “too undeveloped to undertake a distinctive application of state constitutional principles,” and we accordingly did not consider the argument further. Garrymore, ¶¶ 38, 39. The identical situation exists here. Schneider’s observation that this Court has refused to march lockstep with decisions of the Supreme Court when interpreting Article II, Section 24, is only the first step in an analysis that he and the State both fail to articulate in their briefs. It is injudicious for this Court to render a decision concerning the meaning and substance of a constitutional right based on such plainly inadequate briefing.
¶39 Lastly, as noted, the specific argument underlying the Court’s decision in favor of the State was not argued by the State in this appeal. For that matter, it was not addressed by the District Court. Although the District Court referred twice to Article II, Section 24, the court did not analyze this provision. Rather, the court grounded its decision in the Sixth Amendment and Cobb. We have stated the principle so often it has become mantra: This Court will not address an issue raised for the first time on appeal. See e.g. State v. Schaff, 1998 MT 104, ¶ 26, 288 Mont. 421, ¶ 26, 958 P.2d 682, ¶ 26; State v. Brown, 1999 MT 133, ¶ 19, 294 Mont. 509, ¶ 19, 982 P.2d 468, ¶ 19; State v. Adgerson, 2003 MT 284, ¶ 12, 318 Mont. 22, ¶ 12, 78 P.3d 850, ¶ 12; State v. Vaughn, 2007 MT 164, ¶ 44, 338 Mont. 97, ¶ 44, 164 P.3d 873, ¶ 44; State v. LaFreniere, 2008 MT 99, ¶ 11, 342 Mont. 309, ¶ 11, 180 P.3d 1161, ¶ 11.
¶40 Despite these well-settled rules, the Court constructs a far-reaching Opinion which effectively limits the reach of Article II, Section 24’s Right to Counsel Clause to the “offense specific” interpretation placed on the Sixth Amendment by the Supreme Court *230 in Cobb. However well-reasoned the Court’s approach may appear to be, we simply do not need to reach this issue. We ought not to render, sua sponte, a decision which severely cabins a fundamental right under the Montana Constitution where the appellant has not demonstrated he is entitled to relief under the test he proffers and where the parties have not adequately briefed the issue in the trial court and this Court. Cf. Garrymore, ¶ 15 n. 3 (“We have decided a number of cases addressing or touching on the meaning of an ‘illegal’ sentence for purposes of the Lenihan rule ... but have not fully addressed the contours of the term. Further development of this issue, and reconciliation of inconsistencies in these and other cases, may be necessary. However, neither of the parties has cited to any of these cases or offered such argument, and we thus deem it inappropriate to undertake such issues until they have been properly raised and briefed.” (emphasis added)).
¶41 Whether viewed from the perspective of the defendant or the prosecution, we have, with no necessary purpose, constructed an interpretation of Article II, Section 24 from whole cloth. We are doing the work that counsel should have done. In sum, we should not address Schneider’s Article II, Section 24 theory. Doing so is contrary to M. R. App. P. 12(1)f. and (2) and our well-settled jurisprudence discussed above.
¶42 In closing, I add the following observation concerning the Court’s equating of the right to counsel under Article II, Section 24 with the right to counsel under the Sixth Amendment. See Opinion, ¶ 23.1 see no continued utility to the Blockburger test. Montana has adopted its own definitions of “included offense,” see § 46-1-202(9), MCA, and “same transaction,” see § 46-1-202(23), MCA, and its own blackletter law governing prosecutions based on the same transaction, see § 46-11-503, MCA. Unless one or more of these statutes is held to be in violation of the federal constitution, we should be applying Montana’s law in Montana cases to the exclusion of federal precedents that do not align with the statutes our Legislature has adopted.
¶43 For these reasons, I specially concur.