Justice Ingrid Gustafson delivered the Opinion of the Court.
¶ 1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.
¶ 2 Aaron Larson (Aaron) appeals from the May 9, 2018 Findings of Fact, Conclusions of Law, and Order Denying Respondent's Motion to Lift Restraining Order (May 2018 Order) of the Thirteenth Judicial District, Yellowstone County. We affirm.
¶ 3 Aaron and Marla were previously married and then divorced. Aaron is the subject of a Permanent Order of Protection entered March 24, 2006, that prevents any contact with Marla. Aaron moved the court to lift this restraining order. Following hearing on October 19, 2017, the District Court entered its May 2018 Order denying Aaron's Motion to Lift Restraining Order. Aaron appeals.
¶ 4 The Montana Rules of Appellate Procedure require the appellant to present a concise, cohesive argument which "contains the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on." In re McMahon , 2002 MT 198, ¶ 6, 311 Mont. 175, 53 P.3d 1266 (quoting M. R. App. P. 12(1)(g), formerly M. R. App. P. 23(a)(4) ). This Court will not consider unsupported issues or arguments. In re Custody of Krause , 2001 MT 37, ¶ 32, 304 Mont. 202, 19 P.3d 811. Furthermore, it is not this Court's obligation to research a party's position or to develop legal analysis to support it. State v. Hicks , 2006 MT 71, ¶ 22, 331 Mont. 471, 133 P.3d 206.
¶ 5 In his Opening Brief, Aaron generally asserts he desires to have the restraining order lifted as, "Removing this would be [a] career and health benefit." Aaron does not assert any error on the part of the District Court, does not cite or mention any legal authority, and does not make any reference to the record. Aaron has failed to present us with any cogent or articulable argument upon which we could find fault with the District Court's ruling.
¶ 6 Notwithstanding Aaron's failure to present an argument and the general inadvisability of a permanent order of protection,[1] we have reviewed the District Court's May 2018 Order and find no reversible error.
¶ 7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.
¶ 8 Affirmed.
We concur:
JAMES JEREMIAH SHEA, J.
LAURIE McKINNON, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.

While during a contentious dissolution and for a short time thereafter a restraining order may be necessary and advisable, a court should use permanent restraining orders sparingly as they can result in a variety of unintended consequences including educational, employment, and financial barriers. After litigants finalize their divorce and are no longer dealing with the issues between them, their contentiousness usually decreases significantly and they typically move on with their lives independently without need for a permanent restraining order.